ORIGINAL

1    Joseph R. Saveri (State Bar No. 130064)
     *jsaveri@lchb.com*
2    Michele C. Jackson (State Bar No. 090807)
     *mjackson@lchb.com*
3    Robert J. Nelson (State Bar No. 132797)
     *rnelson@lchb.com*
4    Eric B. Fastiff (State Bar No. 182260)
     *efastiff@lchb.com*
5    Nimish R. Desai (State Bar No. 244953)
     *ndesai@lchb.com*
6    LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
     275 Battery Street, 30th Floor
7    San Francisco, CA 94111-3339
     Telephone: (415) 956-1000
8    Facsimile: (415) 956-1008

FILED

RICHARD W. WIEKING
CLERK. U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9    [Additional Counsel listed on signature page]

10   Attorneys for Plaintiff and the Proposed Class

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13

14   RICHARD THAL, on behalf of himself and all      Case No.    C 07 4785 BZ
     others similarly situated,

15                                                    **CLASS ACTION COMPLAINT**
                       Plaintiff,
16

17          v.                                        **JURY TRIAL DEMANDED**

     HITACHI AMERICA, LTD.; HITACHI, LTD.;
18   HYNIX SEMICONDUCTOR AMERICA, INC.;
     HYNIX SEMICONDUCTOR, INC.; MICRON
19   TECHNOLOGY, INC.; MICRON
     SEMICONDUCTOR PRODUCTS, INC.;
20   MITSUBISHI ELECTRIC CORPORATION;
     MITSUBISHI ELECTRIC AND ELECTRONICS,
21   USA., INC.; MOSEL VITELIC CORPORATION;
     MOSEL VITELIC, INC.; CRUCIAL
22   TECHNOLOGY, INC.; RENESAS
     TECHNOLOGY CORPORATION; RENESAS
23   TECHNOLOGY AMERICA, INC.; SAMSUNG
     SEMICONDUCTOR, INC.; SAMSUNG
24   ELECTRONICS COMPANY, LTD.; TOSHIBA
     CORPORATION; TOSHIBA AMERICA, INC.;
25   TOSHIBA AMERICA ELECTRONIC
     COMPONENTS, INC.; WINBOND
26   ELECTRONICS CORPORATION; WINBOND
     ELECTRONICS CORPORATION AMERICA; and
27   SANDISK CORPORATION,

28                     Defendants.

1    Plaintiff, RICHARD THAL, by and through his attorneys, on behalf of himself and all

2    others similarly situated, brings this action for treble damages and injunctive relief under the

3    antitrust laws of the United States, demanding a trial by jury, and complaining and alleging on

4    information and belief as to all matters except those stated in paragraphs 8 and 32(g), which are

5    based on personal knowledge, as follows:

6    ## NATURE OF THE ACTION

7    1.    Plaintiff brings this class action on behalf of all direct purchasers of Flash Memory

8    from defendants or their subsidiaries, agents or co-conspirators, during the period from at least

9    January 1, 1999 through the date of class certification (the "Class Period").

10    2.    As used herein, the term "Flash Memory" means all types of flash memory sold

11    during the Class Period, including AND, NOT AND ("NAND") and NOT OR ("NOR")

12    technologies. For purposes of this complaint, Flash Memory excludes all types of static random

13    access memory ("SRAM") or dynamic random access memory ("DRAM") sold during the Class

14    Period.

15    3.    Flash Memory is non-volatile computer memory that can be electronically erased

16    and reprogrammed. It is a technology that is used primarily in memory cards, but is also found,

17    among other things, in digital audio players, digital cameras, mobile phones and video game

18    consoles.

19    4.    During the Class Period, defendants' collusive behavior inflated the price of Flash

20    Memory. Because of defendants' unlawful conduct and conspiracy, plaintiff and other members

21    of the class paid artificially inflated prices for Flash Memory. Plaintiff and all other members of

22    the class who purchased Flash Memory during the Class Period have been damaged by

23    defendants' illegal acts.

24    ## JURISDICTION AND VENUE

25    5.    This action is filed and these proceedings are instituted under Sections 4 and 16 of

26    the Clayton Act, 15 U.S.C. §§15 and 26, to obtain injunctive relief and to recover treble damages

27    and costs of suit, including a reasonable attorneys' fee, against defendants for the injuries

28

1  sustained by plaintiff and members of the class by reason of defendants and their co-conspirators'

2  violations of Section 1 of the Sherman Act, 15 U.S.C. §1.

3      6.      This Court's jurisdiction is conferred by 28 U.S.C. §§1331 and 1337, and by

4  Sections 4 and 16 of the Clayton Act, U.S.C. §§15 and 26.

5      7.      Venue is proper in this District pursuant to Sections 4, 12 and 16 of the Clayton

6  Act, 15 U.S.C. §§ 15, 22 and 26, and 28 U.S.C. §1391 (b)(c) and (d).  Venue is proper in this

7  District because during the Class Period one or more of the defendants resided, transacted

8  business, was found or had agents within this District and because a substantial part of the events

9  giving rise to the claims of plaintiff and the class occurred in this District.  A substantial part of

10  the activities of the defendants and their co-conspirators giving rise to plaintiff's claims were

11  within the flow of, and were intended to and did have a substantial effect on, interstate trade and

12  commerce, and has been carried out within this District.

13                              **PLAINTIFF**

14      8.      Plaintiff, RICHARD THAL, is an individual residing at 1273 Cedar Grove Road,

15  Media, PA., 19063.  Plaintiff purchased Flash Memory directly from one of the defendants named

16  herein, and was injured as a result of defendants' illegal conduct.

17                              **DEFENDANTS**

18      9.      Defendant, HITACHI AMERICA, LTD., is a wholly owned and controlled

19  subsidiary of defendant, HITACHI, LTD.  HITACHI AMERICA, LTD., is a business entity

20  organized under the laws of New York, with its principal place of business at 50 Prospect

21  Avenue, Tarrytown, New York, 10591.  During the class period, HITACHI AMERICA, LTD.,

22  sold and distributed Flash Memory to customers throughout the United States.  Defendants,

23  HITACHI AMERICA, LTD. and HITACHI, LTD., are referred to collectively herein as

24  "HITACHI".

25      10.      Defendant, HITACHI, LTD., is a business entity organized under the laws of

26  Japan, with its principal place of business at 6-1 Marunouchi Center, Building 13F, Chiyoda-ku,

27  Tokyo, 100-8220 Japan.  During the class period, HITACHI LTD., manufactured, sold and

28  distributed Flash Memory throughout the United States.

728328.1                          - 2 -                    CLASS ACTION COMPLAINT

1    11.    Defendant, HYNIX SEMICONDUCTOR AMERICA, INC. is a wholly owned

2    and controlled subsidiary of Defendant, Hynix Semiconductor, Inc., with its principal place of

3    business at 3101 North First Street, San Jose, California, 95134. Hynix Semiconductor America,

4    Inc., is a California corporation. During the Class Period, Hynix Semiconductor America, Inc.,

5    sold and distributed Flash Memory to customers throughout the United States. Hynix

6    Semiconductor, Inc. and Hynix Semiconductor America, Inc., are referred to collectively herein

7    as "Hynix".

8    12.    Defendant, HYNIX SEMICONDUCTOR, INC. is a business entity organized

9    under the laws of South Korea, with its principal place of business at SAN 136-1, Ami-Ri Bubal-

10   eub, Icheon-si, Kyoungki-do, Korea, 467-701. During the Class Period, Hynix Semiconductor,

11   Inc., manufactured, sold and distributed Flash Memory to customers throughout the United

12   States.

13   13.    Defendant, MICRON TECHNOLOGY, INC., is a Delaware Corporation with its

14   principal place of business at 8000 South Federal Way, Boise, Idaho, 83716. During the Class

15   Period, Micron Technology, Inc., manufactured, sold and distributed Flash Memory throughout

16   the United States.

17   14.    Defendant, MICRON SEMICONDUCTOR PRODUCTS, INC., is a corporation

18   formed under the laws of Delaware. Micron Semiconductor Products, Inc., is a wholly owned

19   and controlled subsidiary of Defendant, Micron Technology, Inc., with its principal place of

20   business at 8000 South Federal Way, Boise, Idaho, 83716. During the Class Period, Micron

21   Semiconductor Products, Inc., sold and distributed Flash Memory to customers throughout the

22   United States.

23   15.    Defendant, MITSUBISHI ELECTRIC CORPORATION, is a business entity

24   organized under the laws of Japan, with its principal place of business at Tokyo Building 2-7-3,

25   Marunouchi, Chiyoda-ku, Tokyo, 100-8310, Japan. During the Class Period, Mitsubishi Electric

26   Corporation sold and distributed Flash Memory to customers throughout the United States.

27   16.    Defendant, MITSUBISHI ELECTRIC AND ELECTRONICS USA, INC., is

28   incorporated in the States of Delaware with its principal place of business at 500 Corporate Wood

1    Parkway, Vernon Hills, Illinois, 60061. It is a wholly owned subsidiary of Mitsubishi Electric

2    Corporation. During the Class Period, Mitsubishi Electric and Electronics USA, Inc., sold and

3    distributed Flash Memory to customers throughout the United States. Defendants, Mitsubishi

4    Electric Corporation and Mitsubishi Electric and Electronics USA, Inc., are referred to

5    collectively herein as "Mitsubishi".

6        17.    Defendant, MOSEL VITELIC CORPORATION, is incorporated in the State of

7    California with its principal place of business at 3910 North First Street, San Jose, California,

8    95134. It is a wholly owned subsidiary of Mosel Vitelic Inc. During the Class Period, Mosel

9    Vitelic Corporation sold and distributed Flash Memory to customers throughout the United

10   States.

11       18.    Defendant, MOSEL VITELIC, INC., is a business entity organized under the laws

12   of Taiwan, with its principal place of business at No. 19 Li Hsin Road, Science-Based Industrial

13   Park, Hsinchu, Taiwan. During the Class Period, Mosel Vitelic, Inc., sold and distributed Flash

14   Memory to customers throughout the United States. Defendants, Mosel Vitelic Corporation and

15   Mosel Vitelic, Inc., are referred to collectively herein as "Mosel".

16       19.    Defendant, CRUCIAL TECHNOLOGY, INC., is a wholly owned subsidiary of

17   Micron Technology, Inc., and maintains its principal place of business at 3475 Commercial Court

18   Meridian, Idaho. Crucial Technology, Inc., operates the distribution business of Micron

19   Technology, Inc.

20       20.    Defendant, RENESAS TECHNOLOGY CORPORATION, is a business entity

21   organized under the laws of Japan with its principal place of business at Marunouchi Building, 4-

22   1, Marunouchi 2-chrome, Chiyoda-ku, Tokyo, 100-6334, Japan. Renesas Technology

23   Corporation was established on or about April 1, 2003 as a joint venture of Hitachi and

24   Mitsubishi. During the Class Period, Renesas Technology Corporation sold and distributed Flash

25   Memory to customers throughout the United States.

26       21.    Defendant, RENESAS TECHNOLOGY AMERICA, INC., is a Delaware

27   corporation and is a wholly owned and controlled subsidiary of Renesas Technology Corporation

28   with its principal place of business at 4509 Holger Way, San Jose, California, 85134-1368.

1   During the Class Period, Renesas Technology America, Inc., sold and distributed Flash Memory

2   to customers throughout the United States. Defendants Renesas Technology Corporation and

3   Renesas Technology America, inc., are referred to collectively herein as "Renesas".

4   22.    Defendant, SAMSUNG SEMICONDUCTOR, INC., is a California corporation

5   and is a wholly owned and controlled subsidiary of Samsung Electronics Co., Ltd., with its

6   principal place of business at 3655 North First Street, San Jose, California, 95134.  During the

7   Class Period Samsung Semiconductor, Inc., sold and distributed Flash Memory to customers

8   throughout the United States.

9   23.    Defendant, SAMSUNG ELECTRONICS COMPANY, LTD., is a business entity

10  organized under the laws of South Korea, with its principal place of business at Samsung Main

11  Building, 250-2 ga, Taepyung-ro- Chung-gu, Seoul, Korea.  During the Class Period, Samsung

12  Electronics Company, Ltd., sold and distributed Flash Memory to customers throughout the

13  United States.  Samsung Electronics Company, Ltd., and Samsung Semiconductor, Inc., are

14  referred to collectively herein as "Samsung".

15  24.    Defendant, TOSHIBA CORPORATION, is a business entity organized under the

16  laws of Japan, with its principal place of business at 1-1 Shibaura, 1-chrome Minato-ku, Tokyo,

17  105-8001, Japan.  During the Class Period, Toshiba Corporation sold and distributed Flash

18  Memory to customers throughout the United States.

19  25.    Defendant, TOSHIBA AMERICA CORPORATION, is a Delaware corporation

20  and is a wholly owned and controlled subsidiary of Toshiba Corporation with its principal place

21  of business at 1251 Avenue of the Americas, Suite 4110, New York, New York, 10020.  During

22  the Class Period, Toshiba America Corporation manufactured, sold and distributed Flash Memory

23  to customers throughout the United States.

24  26.    Defendant, TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC., is a

25  California corporation and is a wholly owned and controlled subsidiary of Toshiba Corporation

26  with its principal place of business located at 19900 MacArthur Boulevard, Suite 400, Irvine,

27  California, 92612.  During the Class Period, Toshiba America Electronic Components, Inc., sold

28  and distributed Flash Memory to customers throughout the United States.  Toshiba Corporation,

728328.1                                        - 5 -                          CLASS ACTION COMPLAINT

1  Toshiba America Corporation, and Toshiba America Electronic Components, Inc., are referred to

2  collectively herein as "Toshiba".

3      27.     Defendant, WINBOND ELECTRONICS CORPORATION, is a business entity

4  organized under the laws of Taiwan with its principal place of business at No. 4 Creation Road 3,

5  Science-Based Industrial Park, Hsinchu, 300, Taiwan.  During the Class Period, Winbond

6  Electronics Corporation sold and distributed Flash Memory to customers throughout the United

7  States.

8      28.     Defendant, WINBOND ELECTRONICS CORPORATION AMERICA, is

9  incorporated in the State of Delaware with its principal place of business at 2727 North First

10  Street, San Jose, California, 95134.  It is a wholly owned subsidiary of Winbond Electronics

11  Corporation.  During the Class Period, Winbond Electronics Corporation America sold and

12  distributed Flash Memory to customers throughout the United States.  Defendants, Winbond

13  Electronics Corporation and Winbond Electronics Corporation America, are referred to

14  collectively herein as "Winbond".

15      29.     Defendant, SANDISK CORPORATION, is incorporated in the State of Delaware

16  with its principal place of business at 601 McCarthy Boulevard, Milpitas, CA 95035.  During the

17  Class Period, Sandisk Corporation manufactured and sold Flash Memory to customers throughout

18  the United States.

19                          **CO-CONSPIRATORS AND AGENCY**

20      30.     Defendants, along with certain other persons, firms, corporations and entities, are

21  co-conspirators with defendants in the violations and conspiracies alleged in this Complaint.

22  These co-conspirators have performed acts and made statements in furtherance of the antitrust

23  violations and conspiracies alleged herein.

24      31.     At all relevant times, each defendant ratified and/or authorized the wrongful acts

25  of each of the other defendants.  Defendants, and each of them, are individually sued as

26  participants and as aiders and abettors in the improper acts, plans, schemes, and transactions that

27  are the subject of this complaint.  Defendants, and each of them, participated as members of the

28  conspiracy, or acted in furtherance of it, or aided or assisted in carrying out its purposes alleged in

728328.1                              - 6 -                    CLASS ACTION COMPLAINT

1 | this Complaint, and have performed acts and made statements in furtherance of the violations and

2 | conspiracy.

3 | <center>**CLASS ACTION ALLEGATIONS**</center>

4 |     32.    Plaintiff brings this action on behalf of himself and on behalf of the following

5 | class under the provisions of Rule 23(a), 23(b)(2) and (b)(3) of the Federal Rules of Civil

6 | Procedure:

> All persons and entities currently residing in the United States who, from January 1, 1999 through the date of class certification, directly purchased Flash Memory in the United States from the defendants. Excluded from this class are the defendants; their present and former parents, predecessors, successors, subsidiaries, employees, officers, and directors; their co-conspirators; any entity in which any defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any defendant. Also excluded are any government entities, jurors assigned to hear this action, and any judicial officers presiding over this action, the members of their immediate families, and their judicial staff.

13 |     33.    This action has been brought and may be properly maintained as a class action

14 | pursuant to Federal Rule of Civil Procedure 23 for the following reasons:

15 |     a.    The class is ascertainable and there is a well-defined community of interest

16 | among the members of the class;

17 |     b.    Based upon the nature of the trade and commerce involved and the number

18 | of direct purchasers of Flash Memory, Plaintiff believes that the members of the class number in

19 | the hundreds and are geographically dispersed throughout the United States. The class members

20 | are sufficiently numerous that joinder of all class members is not practicable;

21 |     c.    Plaintiff's claims are typical of the claims of the members of the class

22 | because plaintiff directly purchased Flash Memory from one or more of the defendants or their

23 | co-conspirators, and therefore plaintiff's claims arise from the same conduct giving rise to the

24 | claims of the members of the class and the relief sought is common to the class;

25 |     d.    The following questions of law or fact, among others, are common to the

26 | members of the class:

27 |

28 |

728328.1             - 7 -            CLASS ACTION COMPLAINT

1              i.      whether defendants and their co-conspirators formed and engaged

2    in an agreement, contract, combination or conspiracy to fix, raise, maintain, or stabilize the prices

3    of Flash Memory, and control and/or restrict output of Flash Memory sold in the United States;

4              ii.     the duration of defendants' agreement, contract, combination or

5    conspiracy, and the nature and character of the acts done in furtherance of the agreement,

6    contract, combination or conspiracy;

7              iii.    whether the agreement, contract, combination or conspiracy caused

8    Flash Memory prices to be higher than they would have been in the absence of defendants'

9    conduct;

10             iv.     whether defendants' conduct caused injury to the business or

11   property of plaintiff and the members of the class;

12             v.      the appropriate measure of the amount of damages suffered by the

13   class;

14             vi.     the identities of the co-conspirators;

15             vii.    whether defendants' illegal acts continue, justifying the entry of an

16   injunction prohibiting such conduct to continue;

17             viii.   whether defendants' conduct violates Section 1 of the Sherman Act,

18   15 U.S.C. § 1;

19             ix.     whether defendants actively concealed the conspiracy from

20   plaintiffs and other class members;

21        e.      These and other questions of law and fact are common to the members of

22   the class, and predominate over any questions affecting only individual members of the class;

23        f.      Plaintiff, as representative of the class, will fairly and adequately protect

24   the interests of the class members. The interests of plaintiff coincide with, and are not

25   antagonistic to, the interests of other class members;

26        g.      Plaintiff is represented by counsel who are competent and experienced in

27   the prosecution of complex antitrust and class action litigation; and

28

728328.1                                    - 8 -                    CLASS ACTION COMPLAINT

1    h.    A class action is superior to any other available method for the fair and

2  efficient adjudication of the controversy alleged in this Complaint because individual joinder of

3  all damaged class members is impractical. The damages suffered by individual class members are

4  relatively small. Thus, absent the availability of Rule 23's class action procedures, it is not

5  feasible for class members to sue solely on their own behalf. Individual litigation presents the

6  potential for inconsistent or contradictory judgments and will also greatly magnify the delay and

7  expense to all parties and to the judicial system. Therefore, using class action procedures presents

8  far fewer case management difficulties and will provide the benefits of a single adjudication,

9  economies of scale, and the supervision by a single court.

10                    **INTERSTATE TRADE AND COMMERCE**

11    34.    During the Class Period, defendants and their co-conspirators manufactured, sold

12  and/or distributed Flash Memory throughout the United States in a continuous and uninterrupted

13  flow of interstate commerce, and substantially affected interstate commerce. Defendants and

14  their co-conspirators sold and shipped substantial quantities of Flash Memory to customers

15  located in states other than the states in which defendants resided, and imported Flash Memory

16  from the countries in which defendants manufactured Flash Memory.

17    35.    Defendants and their co-conspirators, and each of them, have used

18  instrumentalities of interstate commerce to manufacture, sell, distribute and/or market Flash

19  Memory.

20    36.    During each year of the Class Period, total sales of Flash Memory were in the

21  billions of dollars.

22                    **FACTUAL ALLEGATIONS**

23    37.    Flash Memory is a type of electronic memory chip with a read-only memory that

24  retains its data when the power is turned off, and that can be electronically erased and

25  reprogrammed without being removed from the circuit board. Flash Memory is non-volatile,

26  meaning that it does not need continuous power to maintain the stored information. Flash

27  Memory is produced in the form of an integrated circuit, which is used in a variety of

28  applications, including memory cards, digital cameras, USB storage devices, portable music

1  players, mobile wireless technology, game consoles, fax machines, and personal computers. It is

2  also packaged as stand-alone chips for circuit board mounting. For example, several years ago,

3  FLASH BIOS ("Basic Input/Output System") chips replaced ROM BIOS chips in PCs so that the

4  BIOS could be updated in place, instead of being removed and replaced.

5      38.    "Flash memory" was a term coined by Toshiba to express how fast it could be

6  erased, that is, in a flash.

7      39.    Non-Volatile Memory ("NVM") is computer memory that can retain the stored

8  information even when not powered. Examples include, in addition to flash memory, optical disc

9  drives and most types of hard disks. NVM is usually used for secondary storage or long term

10 storage. The most widely used primary storage is volatile RAM, meaning when the computer is

11 shut down anything contained in RAM is lost.

12     40.    BIOS is built-in software that determines what a computer can do without

13 accessing programs from a disk. On personal computers, BIOS contains all the code required to

14 control the keyboard, display screen, disk drives, serial communications, and a number of

15 miscellaneous functions.

16     41.    NOR and NAND are flash memory chips constructed of either NOR or NAND

17 logic gates. Electronic logic gates are a collection of transistors and resistors that implement

18 Boolean logic operations in a circuit. Transistors make up logic gates. Logic gates make up

19 circuits. Circuits make up electronic systems. NOR chips function like a computer's main

20 memory, while NAND works like a hard disk. For example, in a digital camera, NOR flash

21 memory contains the camera's internal software, while NAND flash memory is used to store the

22 images.

23     42.    A logic gate is an elementary building block of a digital circuit. There are seven

24 logic gates: AND, OR, XOR, NOT, NAND, NOR, and XNOR. Most logic gates have two input

25 terminals and one output terminal. Every terminal is in one of two binary conditions that is

26 represented by different voltage.

27     43.    NOR flash memory was developed by Intel in 1988. NOR flash memory supports

28 one-byte random access and "execute in place" (XIP), which means machine instructions can be

728328.1                              - 10 -                    CLASS ACTION COMPLAINT

1    obtained and executed directly from flash memory without going into main memory (DRAM)

2    first as is required with NAND flash memory. NOR flash memory has a lifespan of about 100K

3    write cycles. As with all flash memory, the cells must be erased in large blocks before being

4    written. Erasing a block of typically 16KB takes several seconds, but reading and writing one

5    byte at a time is very fast.

6        44.    NAND flash memory was developed by Toshiba a year after Intel's NOR flash

7    memory. NAND flash memory functions like a disk rather than memory. Flash Translation

8    Layer ("FTL") software makes flash look like a disk drive to the operating system. "Reads and

9    writes" are sector-sized blocks of 512 bytes; however, typically, a 2KB page of four blocks are

10    read and written at one time. Before writing, cells are erased in blocks ranging from 16KB to

11    128KB. Less expensive than NOR, NAND flash memory can be rewritten up to a million times,

12    and erasing and writing NAND is faster than NOR.

13        45.    AND is another standalone NAND-like chip. Hitachi and Mitsubishi

14    manufactured, sold, and distributed AND. Renesas, a product of the merger between Hitachi and

15    Mitsubishi, also produces AND and AG-AND chips.

16        46.    The Flash Memory industry is conducive to the type of cartel activity alleged here.

17    Flash Memory is a homogenous product purchased by plaintiff and members of the class

18    primarily on the basis of price. In addition, the Flash Memory industry is highly concentrated,

19    with defendants accounting for almost all Flash Memory sales in the United States, with Samsung

20    being the clear market leader. According to the 2006 "Memory Market Backgrounder" available

21    on Samsung's website, the market shares of the leading Flash Memory manufacturers in 2005

22    were: Samsung: 52.9%, Toshiba: 21.9%, Hynix: 12.7%, Renesas: 6.8%, and Micron: 2.2%.

23    These five companies controlled 96.5% of the Flash Memory market.

24        47.    Entry into Flash Memory production is subject to high manufacturing and

25    technological barriers. Efficient manufacturing plants are large and costly, and viable entry also

26    requires firms to undertake significant research and development expenses.

27        48.    Numerous industry trade organizations facilitate defendant's Flash Memory cartel

28    activities. Defendants are members of JEDEC Solid State Technology Association, a standard-

1   setting organization.  Hynix and Micron are among the founding members of the Open NAND

2   Flash Interface ("ONFI") group, whose purpose is to meet and to discuss standards and

3   production of NAND flash memory products.  The ONFI group has discussed with Samsung

4   having that company join as a member.

5       49.    The structure of the market also allowed defendants to maintain and police their

6   cartel using methods such as price signaling.  For example, on March 20, 2006, Hynix warned

7   investors that the prices of NAND flash memory could fall as much as 50% for the year.  The

8   next day, Samsung announced its disagreement, and said that prices would recover and stabilize.

9   As of August 2006, Flash Memory prices had stabilized, in part, as a result of reduced inventory

10  from manufacturers.  "Apple to spur NAND Flash Market, firm says," Electronic News,

11  August 9, 2006.

12      50.    As a result of defendants' conspiracy, prices for Flash Memory have been at supra-

13  competitive levels from at least 1999 through the present.  Prior to 1999, the average selling price

14  for all Flash Memory was declining.  In or around 2000, the aggregate average price of Flash

15  Memory stabilized and increased.

16      51.    While average Flash Memory prices were declining, the cartel created by

17  defendants operated to mitigate those declines so that prices were still at supra-competitive levels.

18  Defendants' collusive activity still continues and has had the effect of keeping prices at supra-

19  competitive levels.

20      52.    The trend in the average prices of Flash Memory is similar to a contemporaneous

21  price movement in the DRAM market.  The pricing of, and behavior of participants in, the

22  DRAM market during this period is currently the subject of a price-fixing investigation by the

23  Antitrust Division of the U.S. Department of Justice ("DOJ").  Several of the defendants named

24  herein are either currently the subject of the DRAM investigation, or have pled guilty to price-

25  fixing charges with respect to DRAM.  Samsung and Hynix pled guilty to price-fixing in the

26  DRAM market during the period from 1999 to 2002 and paid substantial fines for those unlawful

27  activities ($300 million for Samsung and $185 million for Hynix).  Micron was the amnesty

28  applicant in the DRAM price-fixing investigation.

728328.1                          - 12 -                    CLASS ACTION COMPLAINT

1    53.    In October 2006, DOJ sent subpoenas to at least 10 companies, including

2  Samsung, Hynix, Micron, Toshiba, Mitsubishi and Renesas, in connection with an investigation

3  of cartel activity in the SRAM industry. A DOJ spokesperson was quoted as saying: "[t]he U.S.

4  Department of Justice's antitrust division is conducting an investigation regarding anti-

5  competitive practices against chief SRAM manufacturers." The DOJ's SRAM investigation

6  concerns anticompetitive conduct that was continuing at least as recently as 2005.

7    54.    The agents and employees of Samsung, Hynix, and Micron implicated in the

8  DRAM price-fixing conspiracy are the same agents and employees who are responsible for

9  pricing SRAM and Flash Memory. Among those Samsung employees who pled guilty to

10  criminal felonies in the DRAM criminal case investigation were the Vice-President of Marketing

11  for Memory Products; Vice-President of Sales with responsibility for U.S. memory pricing; and

12  Vice-President of Marketing. Among those from Hynix who pled guilty to felony price-fixing

13  violations were its Senior Vice President and General Manager of Worldwide Sales and

14  Marketing; Director of Global Strategic Accounts; and Senior Manager and Vice President for

15  Product Marketing - Vice President for Operations.

16    55.    One commentator noted the pervasiveness of cartel activity among the defendants

17  and others within the overall semiconductor industry: "If the DOJ wanted to, it could just go

18  down every line in the semiconductor industry and find the same issue,' said Gartner Inc. analyst

19  Richard Gordon. 'That's because there are a relatively few ... suppliers in the chip industry and

20  an open flow of communication between competitors and customers, who may not define price

21  fixing the same way the DOJ does,' he said."

22  (<http://www.computerworld.com/action/article.do?command=viewArticleBasic&articleId=9005

23  596&source=rss_news6>).

24    56.    Defendants, through their officers, directors, and employees, conducted the

25  conspiracy by, among other things:

26        a.    agreeing to charge prices at specified levels and otherwise to increase and

27  maintain prices of Flash Memory sold in the United States;

28

728328.1                                   - 13 -                        CLASS ACTION COMPLAINT

b.    issuing price announcements and quotations in accordance with the agreements reached;

c.    participating in meetings and conversations, including through trade associations, to discuss the prices of Flash Memory in the United States; and

d.    selling Flash Memory to various customers in the United States at supra-competitive prices.

## CONCEALMENT

57.    Plaintiff and the class members did not discover, and could not have discovered through the exercise of reasonable diligence, that defendants and their co-conspirators were violating the antitrust laws as alleged herein until shortly before this lawsuit was commenced.

58.    Defendants engaged in a successful, illegal price-fixing conspiracy that, by its nature, was inherently self-concealing.

59.    Throughout and beyond the conspiracy, defendants and their co conspirators affirmatively and actively concealed their unlawful conduct from plaintiff and the class. Defendants and their co-conspirators conducted their conspiracy in secret and concealed the true nature of their unlawful conduct, and acts in furtherance thereof, through various means and methods to avoid detection, including, but not limited to, secret meetings, misrepresentations to customers concerning the reason for price increases, surreptitious communications among defendants by telephone or in-person meetings at trade association meetings (and elsewhere) so that no written records would exist, and keeping the communications within the confines of their higher-level executives. Defendants and their co-conspirators publicly provided pretextual and false justifications regarding their price increases.

60.    The affirmative actions of the defendants herein alleged were wrongfully concealed and carried out in a manner that precluded detection.

61.    As a result of the active concealment of the conspiracy by defendants and their co-conspirators, any and all statutes of limitations otherwise applicable to the allegations herein have been tolled and suspended with respect to any claims that plaintiff and the class members have as

1  a result of the unlawful agreements, contracts, conspiracies or combinations alleged in this
2  Complaint..

3  **CLAIM FOR RELIEF**

4  **(Violation of Section 1 of the Sherman Act, 15 U.S.C. § 1)**

5      62.    Plaintiff, on behalf of himself and all others similarly situated, realleges and
6  incorporates, as if fully alleged herein, each of the allegations contained in the preceding
7  paragraphs of this complaint, and further alleges against defendants as follows.

8      63.    Beginning at least as early as January 1, 1999 and continuing through the present,
9  the exact dates being unknown to plaintiff, defendants and various co-conspirators entered into
10  and engaged in continuing agreements, contracts, combinations, and conspiracies in
11  unreasonable restraint of trade and commerce to artificially raise, fix, maintain or stabilize prices
12  of Flash Memory, and to control and restrict output of Flash Memory in the United States in
13  violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. These contracts, combinations, and
14  conspiracies will continue unless enjoined pursuant to Section 16 of the Clayton Act, 15 U.S.C.
15  § 26.

16      64.    For the purpose of forming and implementing the alleged agreements, contracts,
17  combinations, and conspiracies, defendants and their co-conspirators did those things that they
18  conspired to do, including but not limited to:

19          a.    agreeing to fix, raise, maintain, and stabilize the price of Flash Memory
20  sold in the United States;

21          b.    exchanging information on prices and sales volumes of Flash Memory;

22          c.    allocating among themselves production of Flash Memory;

23          d.    agreeing to restrict output of Flash Memory;

24          e.    monitoring and implementing the arrangements among cartel members;

25          f.    allocating markets for Flash Memory among themselves; and

26          g.    selling Flash memory at agreed upon prices.

27      65.    The alleged agreements, contracts, combinations and conspiracies had the
28  following effects, among others:

1          a.      price competition in the sale of Flash Memory has been restrained,

2    suppressed, and/or eliminated in the United States;

3          b.      prices for Flash Memory sold by defendants and their co-conspirators have

4    been fixed, raised, maintained, and stabilized at artificially high, non-competitive levels

5    throughout the United States; and

6          c.      plaintiff and members of the class paid more for Flash Memory than they

7    would have paid in a competitive marketplace, unfettered by defendants and their co-

8    conspirators' collusive and unlawful conduct, and have been deprived of the benefits of free and

9    open competition.

10   66.     As a direct and proximate result of the illegal agreements, contracts, combinations

11   and conspiracies, plaintiff and the members of the class have been injured and will continue to be

12   injured in their business and property by paying more for Flash Memory purchased from the

13   defendants and their co-conspirators than they would have paid in the absence of the agreements,

14   contracts, combinations and conspiracies.

15   67.     Plaintiff and the class are entitled to an injunction against defendants, preventing

16   and restraining the violations alleged herein.

17                                **PRAYER FOR RELIEF**

18   WHEREFORE, plaintiff prays as follows:

19   1.      That the Court determine that the claim alleged herein under the Sherman Act,

20   15 U.S.C. § 1, may be maintained as a class action under Federal Rules of Civil Procedure 23(a),

21   (b)(2), and (b)(3);

22   2.      That the alleged combination and conspiracy, and the acts done in furtherance

23   thereof by defendants and their co-conspirators, be adjudged to have been in violation of Section

24   1 of the Sherman Act, 15 U.S.C. § 1.

25   3.      That plaintiff and the class recover damages, as provided by law, and that a joint

26   and several judgment in favor of plaintiff and the class be entered against the defendants in an

27   amount to be trebled in accordance with applicable laws;

28

1    4.    That plaintiff and members of the class be awarded pre- and post-judgment

2    interest, and that that interest be awarded at the highest legal rate from and after the date of

3    service of the initial complaint in this action;

4    5.    That plaintiff and members of the class recover their costs of this suit, including

5    reasonable attorneys' fees, as provided by law;

6    6.    That each of the defendants, their affiliates, successors, transferees, assigns, and

7    the officers, directors, partners, agents, and employees thereof, and all other persons acting or

8    claiming to act on their behalf, be permanently enjoined and restrained from in any manner,

9    directly or indirectly, continuing, maintaining or renewing the agreements, contracts,

10    combinations or conspiracies alleged herein, or from entering into or engaging in any other

11    agreements, contracts, combinations or conspiracies having a similar purpose or effect, and from

12    adopting or following any practice, plan, program, or device having a similar purpose or effect;

13    and

14    7.    That plaintiff and members of the class receive such other and further relief as the

15    nature of the case may require or as the Court deems just, equitable, and proper.

16

17    Dated: September 17, 2007                LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

18

19                                                    By
                                                        Joseph R. Saveri
20

21                                                    Joseph R. Saveri (State Bar No. 130064)
                                                        *jsaveri@lchb.com*
22                                                    Michele C. Jackson (State Bar No. 090807)
                                                        *mjackson@lchb.com*
23                                                    Robert J. Nelson (State Bar No. 132797)
                                                        *rnelson@lchb.com*
24                                                    Eric B. Fastiff (State Bar No. 182260)
                                                        *efastiff@lchb.com*
25                                                    Nimish R. Desai (State Bar No. 244953)
                                                        *ndesai@lchb.com*
26                                                    275 Battery Street, 30th Floor
                                                        San Francisco, CA 94111-3339
27                                                    Telephone: (415) 956-1000
                                                        Facsimile: (415) 956-1008

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOEL C. MEREDITH
*jmeredith@mcgslaw.com*
STEVEN J. GREENFOGEL
*sgreenfogel@mcgslaw.com*
DANIEL B. ALLANOFF
*dallanoff@mcgslaw.com*
MEREDITH COHEN GREENFOGEL &
SKIRNICK, P.C.
117 South 17th Street, Suite 2200
Philadelphia, PA 19103
Telephone: 215-564-5182
Facsimile: 215-569-0958

VINCENT ESADES
*vesdaes@heinsmills.com*
SCOTT CARLSON
*scarlson@heinsmills.com*
HEINS MILLS & OLSON
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612-338-4605
Facsimile: 612-338-4692

MICHAEL D. GOTTSCH
*michaelgottsch@chimicles.com*
CHIMICLES & TIKELLIS, LLP
One Haverford Center
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: 610-642-8500
Facsimile: 610-649-3633

Attorneys for Plaintiff and the Proposed Class

1

## JURY TRIAL DEMAND

2

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

3

by jury for all issues so triable.

4

5    Dated: September 17, 2007                LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

6

7                                            By:
                                                 Joseph R. Saveri
8

                                             Joseph R. Saveri (State Bar No. 130064)
9                                            *jsaveri@lchb.com*
                                             Michele C. Jackson (State Bar No. 090807)
10                                           *mjackson@lchb.com*
                                             Robert J. Nelson (State Bar No. 132797)
11                                           *rnelson@lchb.com*
                                             Eric B. Fastiff (State Bar No. 182260)
12                                           *efastiff@lchb.com*
                                             Nimish R. Desai (State Bar No. 244953)
13                                           *ndesai@lchb.com*
                                             275 Battery Street, 30th Floor
14                                           San Francisco, CA 94111-3339
                                             Telephone: (415) 956-1000
15                                           Facsimile: (415) 956-1008

16                                           Joel C. Meredith
                                             *jmeredith@mcgslaw.com*
17                                           Steven J. Greenfogel
                                             *sgreenfogel@mcgslaw.com*
18                                           Daniel B. Allanoff
                                             *dallanoff@mcgslaw.com*
19                                           MEREDITH COHEN GREENFOGEL &
                                             SKIRNICK, P.C.
20                                           117 South 17th Street, Suite 2200
                                             Philadelphia, PA 19103
21                                           Telephone: 215-564-5182
                                             Facsimile: 215-569-0958
22
                                             Vincent Esades
23                                           *vesdaes@heinsmills.com*
                                             Scott Carlson
24                                           *scarlson@heinsmills.com*
                                             HEINS MILLS & OLSON
25                                           3550 IDS Center
                                             80 South Eighth Street
26                                           Minneapolis, MN 55402
                                             Telephone: 612-338-4605
27                                           Facsimile: 612-338-4692

28

728328.1                          - 19 -                  CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Michael D. Gottsch
*michaelgottsch@chimicles.com*
CHIMICLES & TIKELLIS, LLP
One Haverford Center
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: 610-642-8500
Facsimile: 610-649-3633

Attorneys for Plaintiff and the Proposed Class

728328.1                                                    - 20 -                                    CLASS ACTION COMPLAINT