1   Joseph R. Saveri (State Bar No. 130064)
    *jsaveri@lchb.com*
2   Michele C. Jackson (State Bar No. 090807)
    *mjackson@lchb.com*
3   Robert J. Nelson (State Bar No. 132797)
    *rnelson@lchb.com*
4   Eric B. Fastiff (State Bar No. 182260)
    *efastiff@lchb.com*
5   Nimish R. Desai (State Bar No. 244953)
    *ndesai@lchb.com*
6   LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
    275 Battery Street, 30th Floor
7   San Francisco, CA  94111-3339
    Telephone:  (415) 956-1000
8   Facsimile:   (415) 956-1008

9   *Attorneys for Plaintiff Richard Thal and the Proposed Class*

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                         OAKLAND DIVISION

13

14   RICHARD THAL,                          Case No. C-07-4785-BZ

15            Plaintiff,                     **PLAINTIFF RICHARD THAL'S NOTICE
                                             OF CROSS-MOTION AND CROSS-
16   v.                                      MOTION FOR APPOINTMENT OF
                                             LIEFF, CABRASER, HEIMANN &
17                                           BERNSTEIN, LLP AS INTERIM LEAD
     HITACHI AMERICA, LTD., et al.,          COUNSEL IN DIRECT PURCHASER
18                                           CASES (RULE 23(g)(2)(A)); RESPONSE
            Defendants.                      TO MOTION FOR APPOINTMENT OF
19                                           DIRECT PURCHASER PLAINTIFFS'
                                             INTERIM CO-LEAD COUNSEL; AND
20                                           MEMORANDUM OF POINTS AND
                                             AUTHORITIES IN SUPPORT THEREOF**
21
                                             Date:       October 30, 2007
22                                           Time:       1:00 p.m.
                                             Courtroom: 3, Third Floor
23
                                             The Honorable Bernard Zimmerman
24

25

26

27

28

1

# TABLE OF CONTENTS

2

                                                                                    Page

3  NOTICE OF CROSS-MOTION AND CROSS-MOTION FOR APPOINTMENT OF
       LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP AS INTERIM LEAD
4      COUNSEL IN DIRECT PURCHASER CASES (RULE 23(G)(2)(A)); AND
       NOTICE OF RESPONSE TO MOTIONS FOR APPOINTMENT OF DIRECT
5      PURCHASER PLAINTIFFS' INTERIM CO-LEAD COUNSEL ..................................... 1

6  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CROSS-
       MOTION FOR APPOINTMENT OF LIEFF, CABRASER, HEIMANN &
7      BERNSTEIN, LLP AS INTERIM LEAD OR CO-LEAD COUNSEL IN DIRECT
       PURCHASER CASES (RULE 23(G)(2)(A)) AND RESPONSE TO MOTION
       FOR APPOINTMENT OF DIRECT PURCHASER PLAINTIFFS' INTERIM
8      CO-LEAD COUNSEL ........................................................................................ 3

9      I.      INTRODUCTION AND SUMMARY OF ARGUMENT ..................................... 3

10     II.     THE COURT SHOULD APPOINT LIEFF CABRASER AS INTERIM
               LEAD CLASS COUNSEL ...................................................................... 4

11             A.      The Factors To Consider In Selecting Interim Class Counsel ................... 4

12             B.      The Factors For Selection Of Interim Class Counsel Support
                       Appointing Lieff Cabraser As Lead Counsel .................................... 5

13                     1.      Lieff Cabraser has Performed Work In Investigating this
                               Case. ........................................................................... 6

14                     2.      Lieff Cabraser has the Experience Necessary to Serve as
                               Interim Lead Counsel and Has Extensive Knowledge of the
15                             Applicable Law. ............................................................. 7

16                     3.      Lieff Cabraser has the Finances and Staffing Needed to
                               Serve as Class Counsel. ..................................................... 13

17     III.    CONCLUSION ................................................................................. 14

18

19

20

21

22

23

24

25

26

27

28

- ii -                        CASE NO. C-07-4785-BZ

PLTF THAL'S NOTICE OF CROSS MTN. AND CROSS MTN. FOR. APPOINT. OF INTERIM CLASS COUNSEL; MPA ISO

# TABLE OF AUTHORITIES

**Page**

## CASES

*Coleman v. General Motors Acceptance Corp.*,
220 F.R.D. 64, 2004 WL 187332 (M.D. Tenn. 2004) ................................................................. 4

*In re Agent Orange Product Liab. Litig.*,
996 F.2d 1425 (2d Cir. 1993) .................................................................................................. 13

*In re Air Cargo Shipping*,
240 F.R.D. 56 (E.D.N.Y. 2006) ................................................................................................ 5

*In re Cree, Inc., Sec. Litig.*,
219 F.R.D. 369, 2003 WL 23014386 (M.D.N.C. 2003) .............................................................. 4

*In re NASDAQ Market-Makers Antitrust Litig.*,
169 F.R.D. 493 (S.D.N.Y. 1996) ............................................................................................ 13

*Nowak v. Ford Motor Co.*,
240 F.R.D. 355 (E.D. Mich. 2006) ........................................................................................... 5

## RULES

Federal Rules of Civil Procedure
Rule 23(g)(1)(B) ....................................................................................................................... 4
Rule 23(g)(1)(C) ....................................................................................................................... 5
Rule 23(g)(2)(A) ....................................................................................................................... 4
Rule 23(g)(2)(B) ....................................................................................................................... 5

PLTF THAL'S NOTICE OF CROSS MTN. AND CROSS MTN. FOR. APPOINT. OF INTERIM CLASS COUNSEL; MPA ISO

**NOTICE OF CROSS-MOTION AND CROSS-MOTION FOR APPOINTMENT OF
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP AS INTERIM LEAD COUNSEL
IN DIRECT PURCHASER CASES (RULE 23(g)(2)(A)); AND NOTICE OF RESPONSE
TO MOTIONS FOR APPOINTMENT OF DIRECT PURCHASER PLAINTIFFS'
INTERIM CO-LEAD COUNSEL**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

      **PLEASE TAKE NOTICE** that on October 30, 2007, at 1:00 p.m., or as soon thereafter as the matter may be heard, before Hon. Saundra B. Armstrong at the United States District Court for the Northern District of California, 1301 Clay Street, Courtroom 3, Oakland, California, 94612, plaintiff Richard Thal will and hereby does move this Court for an order appointing his attorneys, Lieff Cabraser, Heimann & Bernstein, LLP, as Interim Lead Counsel, or in the alternative, Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs.

      This motion is brought pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and is made on the grounds that Lieff Cabraser is experienced and qualified to serve as Interim Lead Counsel, and the Class will benefit from the appointment of Lieff Cabraser as Interim Lead Counsel, or in the alternative, Co-Lead Counsel. This motion is based on this Notice of Cross-Motion and Cross-Motion for Appointment of Lieff, Cabraser, Heimann & Bernstein, LLP as Interim Lead Counsel in Direct Purchaser Cases (Rule 23(g)(2)(A)); Response to Motion for Appointment of Direct Purchaser Plaintiffs' Interim Co-Lead Counsel; and Memorandum of Points And Authorities in Support Thereof; the Declaration of Joseph R. Saveri in Support of Plaintiff Richard Thal's Notice of Cross-Motion and Cross-Motion for Appointment of Lieff, Cabraser, Heimann & Bernstein, LLP as Interim Lead or Co-Lead Counsel in Direct Purchaser Cases (Rule 23(g)(2)(A)); the Response to Motion for Appointment of Direct Purchaser Plaintiffs' Interim Co-Lead Counsel; the [Proposed] Order Appointing Lieff Cabraser Heimann & Bernstein, LLP Interim Lead Counsel or, in the Alternative, Appointing Lieff

/ / /

/ / /

/ / /

/ / /

/ / /

1   Cabraser Heimann & Bernstein, LLP Co-Lead Counsel in Direct Purchaser Cases; the record in

2   this matter; and any arguments of counsel.

3                                          Respectfully submitted,

4   Dated: September 25, 2007              LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

5

6                                          By:    /s/ *Joseph R. Saveri*
                                                      Joseph R. Saveri

7                                          Joseph R. Saveri (State Bar No. 130064)

8                                          *jsaveri@lchb.com*
                                           Michele C. Jackson (State Bar No. 090807)

9                                          *mjackson@lchb.com*
                                           Robert J. Nelson (State Bar No. 132797)

10                                         *rnelson@lchb.com*
                                           Eric B. Fastiff (State Bar No. 182260)

11                                         *efastiff@lchb.com*
                                           Nimish R. Desai (State Bar No. 244953)

12                                         *ndesai@lchb.com*
                                           LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

13                                         275 Battery Street, 30th Floor
                                           San Francisco, CA  94111-3339

14                                         Telephone:  (415) 956-1000
                                           Facsimile:   (415) 956-1008

15                                         *Attorneys for Plaintiff Richard Thal and the Proposed Class*

16

17

18

19

20

21

22

23

24

25

26

27

28

PLTF THAL'S NOTICE OF CROSS MTN. AND CROSS MTN. FOR. APPOINT. OF INTERIM CLASS COUNSEL; MPA ISO

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CROSS-MOTION FOR APPOINTMENT OF LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP AS INTERIM LEAD OR CO-LEAD COUNSEL IN DIRECT PURCHASER CASES (RULE 23(g)(2)(A)) AND RESPONSE TO MOTION FOR APPOINTMENT OF DIRECT PURCHASER PLAINTIFFS' INTERIM CO-LEAD COUNSEL**

## I.     INTRODUCTION AND SUMMARY OF ARGUMENT

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, Plaintiff Richard Thal respectfully requests that the Court appoint Lieff Cabraser, Heimann & Bernstein, LLP ("Lieff Cabraser") as Interim Lead Counsel for the putative class of direct purchaser plaintiffs in this antitrust litigation.[1]  In the alternative, if the Court chooses to appoint multiple firms to the leadership role, Plaintiff Thal respectfully requests that the Court include Lieff Cabraser among its choice of firms to serve as Interim Co-Lead Counsel.  *See In re TFT-LCD Antitrust Litig.*, MDL No. 1827 (appointing Lieff Cabraser Interim Co-Lead Counsel).  *See* Declaration of Joseph Saveri ("Saveri Decl."), Exh. B.

It is in the interests of the Class to appoint a firm with a demonstrated ability to organize and prosecute a case this scope.  It is equally important that the Court appoint a firm with the resources to fulfill its duties to the Class.  Lieff Cabraser, headquartered in San Francisco, is one of the country's largest and most-accomplished law firms devoted exclusively to representing plaintiffs, particularly in antitrust and other complex class action litigation.  As demonstrated by its appointments and successful prosecution of a multitude of cases, Lieff Cabraser is best qualified to fairly and adequately represent the class here.  In addition to its service in cases from inception through trial, verdict and appeal, Lieff Cabraser has extensive experience as Court-appointed Lead Counsel in representing plaintiffs in antitrust actions, including price-fixing cases, as well as a long list of other actions pending in this Court, and other federal and state courts throughout the country.  By appointing Lieff Cabraser, the Court will

---

[1] The direct purchaser actions are *A Computer Place v. Samsung Electronics Co., Ltd., et al.*, Case No. 07-1020-SBA; *Brian Levy v. Samsung Electronics Co., Ltd., et al.*, Case No. C-07-4252-BZ; *Kevin's Computer & Photo v. Samsung Electronics Co., Ltd., et al.*, Case No. C-07-1665-SBA; *Laura Young v. Samsung Electronics Co., Ltd., et al.*, Case No. C-07-2286-SBA; and *Thal v. Hitachi America Ltd., et al.*, Case No. 07-4785 (BZ) (the motion to relate is pending before this Court).

PLTF THAL'S NOTICE OF CROSS MTN. AND CROSS MTN. FOR. APPOINT. OF INTERIM CLASS COUNSEL; MPA ISO

advance the litigation by appointing a firm which is second to none of the Plaintiffs' Counsel in this litigation.  The Court and the Class will be well-served by a law firm widely recognized for its ability to lead complex cases in a collegial, efficient and responsible manner.

In the alternative, if the Court chooses to appoint multiple firms to the leadership role, Plaintiff Thal respectfully requests that the Court include Lieff Cabraser among its choice of firms to serve as Interim Co-Lead Counsel.  Furthermore, if multiple firms are chosen, the putative class is best served by appointing firms with different plaintiffs to the leadership role, rather than firms representing the same plaintiffs.  The former approach ensures that a greater diversity of plaintiffs are represented by Interim Lead Counsel, an important consideration given the different types of individuals and entities who have all been harmed by Defendants' alleged misconduct.[2]

## II. THE COURT SHOULD APPOINT LIEFF CABRASER AS INTERIM LEAD CLASS COUNSEL

### A. The Factors To Consider In Selecting Interim Class Counsel

"[T]he court may designate interim class counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed.R.Civ.P. 23(g)(2)(A).  Courts interpreting Rule 23(g) have relied primarily on the Advisory Committee notes, and have found that "the primary responsibility of class counsel, resulting from appointment as such, is to represent the best interests of the class." *Coleman v. General Motors Acceptance Corp.*, 220 F.R.D. 64, 100 (M.D. Tenn. 2004); *see also In re Air Cargo Shipping Services Antitrust Litig.*, MDL No. 1775 (E.D.N.Y. Nov. 15, 2006); *In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 373 (M.D.N.C. 2003); Fed.R.Civ.P. 23(g)(1)(B) ("An attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class.").

In appointing class counsel, Rule 23(g) requires that the court:

(i)      must consider:

---

[2] On September 17, 2007, the firms Saveri & Saveri, Inc. and Pearson, Simon, Soter, Warshaw & Penny ("Pearson Simon") submitted their leadership application.  Both firms are co-counsel to the same two plaintiffs.  *See* Docket Entry 108 in *Nguyen v. Samsung Electronics Co., Ltd., et al.*, C-07-0086-SBA.

- • the work counsel has done in identifying or investigating potential claims in the action,

- • counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,

- • counsel's knowledge of the applicable law, and

- • the resources counsel will commit to representing the class;

    (ii)    may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class . . . .

Fed.R.Civ.P. 23(g)(1)(C).  "In evaluating prospective class counsel, the Court should weigh all pertinent factors.  No single factor should necessarily be determinative in a given case." Rule 23(g)(1)(C) Advisory Committee Notes (2003).  Moreover, a court may appoint several firms to act as co-lead counsel.  *See, e.g., In re TFT-LCD Antitrust Litig.*, MDL No. 1827 (appointing attorneys from Lieff Cabraser and Pearson Simon as Interim Co-lead counsel on behalf of Direct Purchaser Plaintiff class; *In re Air Cargo Shipping*, 240 F.R.D. 56, 58-59 (E.D.N.Y. 2006) (appointing four law firms as co-lead counsel), *Nowak v. Ford Motor Co.*, 240 F.R.D. 355 (E.D. Mich. 2006).  The Court should appoint Lieff Cabraser as Interim Lead Counsel because, of the Plaintiffs' firms that seek to be appointed, Lieff Cabraser best satisfies each of the factors set forth in Rule 23(g).

**B.    The Factors For Selection Of Interim Class Counsel Support Appointing Lieff Cabraser As Lead Counsel**

Where more than one applicant seeks appointment as class counsel, "the court must appoint the applicant *best* able to represent the interests of the class."  Rule 23(g)(2)(B) (emphasis added).  In other words, which law firm would one hire if one had the choice.  As demonstrated in its firm resume and attached attorney biographies, Lieff Cabraser has substantial and extensive experience in complex antitrust litigation such as this, and has for over thirty years successfully represented plaintiffs in antitrust and other complex class action litigation throughout the country.  *See* Saveri Decl., Exh. A; *see also* www.lchb.com.  In recognition of the firm's preeminence, Lieff Cabraser is one of only three law firms in the country to be named to "The

PLTF THAL'S NOTICE OF CROSS MTN. AND CROSS MTN. FOR. APPOINT. OF INTERIM CLASS COUNSEL; MPA ISO

1   Plaintiffs' Hot List," by the *National Law Journal* in each of the last four years.  Despite its

2   colloquial title, the factors informing the "Hot List" selection are carefully considered, focusing

3   on "an impressive record of victories over the preceding five years."  *A Different Sort of Trial for*

4   *Plaintiffs,* The National Law Journal, Oct. 9, 2006.  In previous years, *The National Law Journal*

5   has recognized the successes of Lieff Cabraser's antitrust attorneys in the federal litigation *In re*

6   *Buspirone Antitrust Litigation* and record-setting achievements in *Natural Gas Antitrust Cases*

7   and *Wholesale Electricity Antitrust Cases I & II.*

8        Success and experience matter.  Lieff Cabraser's broad experience in various types

9   of complex cases, its attorneys' demonstrated expertise in antitrust law, and, most significantly,

10  its superior ability to deliver results make Lieff Cabraser an obvious choice to serve as Interim

11  Lead Counsel.  Furthermore, Lieff Cabraser has the resources, staff and infrastructure necessary

12  to prosecute a case of this magnitude, either by itself or in cooperation with other smaller firms.

13       **1.    Lieff Cabraser has Performed Work In Investigating this Case.**

14       On behalf of its client, Mr. Thal, Lieff Cabraser has thoroughly investigated the

15  facts alleged in its client's Complaint.  This investigation has included analysis of the flash

16  memory market, the market participants, pricing, likely defendants and potential consultants and

17  experts.  Lieff Cabraser has investigated flash memory products and the chain of distribution.

18       In order to advance this litigation, the firm has affected service of process on the

19  domestic defendants, and will be able to file the returns of service shortly.  Service of process on

20  foreign defendants - located in Japan, South Korea and Taiwan – is well underway.  That process

21  includes translating the complaint, summons and all other documents that must be served on the

22  defendants and applying for issuance of letters rogatory.  By starting this lengthy process now, the

23  firm hopes to save the Court and the Class from various administrative problems that may arise

24  when a significant number of the defendants have not been served.  Lieff Cabraser will be

25  prepared to report on the progress of these efforts at the October hearing, if the Court so wishes.

26  *See* Saveri Decl. ¶ 21.

27

28

2.    **Lieff Cabraser has the Experience Necessary to Serve as Interim Lead Counsel and Has Extensive Knowledge of the Applicable Law.**

Lieff Cabraser is a nationally-recognized law firm specializing in class actions and complex litigation, with a well-developed expertise in antitrust law. As explained more fully in the firm resume attached to the Saveri Declaration, and as evidenced by the materials available on the firm's website, www.lchb.com, courts throughout the country have appointed Lieff Cabraser as class counsel in well over 200 class actions.

Courts have recognized the qualifications of Lieff Cabraser in appointing the firm lead counsel in numerous cases. Recently, in the area of antitrust, Lieff Cabraser was appointed to serve as Lead Counsel in *In re TFT-LCD Antitrust Litig.*, MDL No. 1827 (N.D. Cal.) (pending) (Saveri Decl., Exh. B); *In re ATM Fee Antitrust Litig.*, C-04-2676 (CRB) (N.D. Cal.) (pending); *Marchbanks Truck Service, Inc. v. Ceridian Corp.*, Civil Action No. 07-cv-1128 (E.D. Pa.) (pending); *Natural Gas Antitrust Cases I-IV*, J.C.C.P. No. 4221 (Cal. Sup. Ct.) (Co-Lead counsel in record $1.5 billion settlement on behalf of California natural gas businesses and consumers); *In re Buspirone Antitrust Litig.*, MDL No. 1340 (S.D.N.Y.) (Co-Lead counsel in $90 million settlement); *In re Compact Disc Antitrust Litig.*, MDL No. 1216 (C.D. Cal.) (Co-Lead counsel in $50 million settlement). *See also* Saveri Declaration, Exh. A at pp. 2-41; *see* www.lchb.com.

Recognizing Lieff Cabraser's experience and success in antitrust litigation, as well as the firm's ability to deliver results for its clients, this Court has appointed the firm to a leadership position in the recent series of price-fixing cases brought against manufacturers of high-technology products in the United States and Asia, of which this case is the fourth. A few months ago, Judge Illston appointed Lieff Cabraser one of two Interim Co-Lead counsel for the putative direct purchaser class in *In re TFT-LCD Antitrust Litig.*, MDL No. 1827 (N.D. Cal.) ("*TFT-LCD*").[3] The Court found that the firm is "experienced in litigating and trying complex

_____

[3] Judge Illston appointed lawyers at Lieff Cabraser together with lawyers at Pearson Simon as the two Interim Co-Lead Counsel for the direct purchaser class. A number of the other lawyers in this case, including Saveri & Saveri also serve as plaintiffs' counsel in *TFT-LCD*. Together with Pearson Simon, Lieff Cabraser has been able to organize the litigation effectively and efficiently. Integral to this process has been the coordination of plaintiffs' counsel, taking best advantage of their resources, experience and skills. (Saveri Decl., ¶ 5.)

1    antitrust cases, has extensive knowledge of the applicable law, and has the appropriate resources

2    to properly represent the class." *See* Saveri Decl., Exh. B.  The Court further noted that the firm

3    has the demonstrated ability to work with other firms, so as to effectively marshal the legal talent

4    for the benefit of the Class.  *See id.*  In *In re Static Random Access Memory Litig.*, MDL No. 1819

5    (N.D. Cal.) ("*SRAM*"), Judge Wilken appointed Lieff Cabraser to a four firm steering committee

6    to run the case along with a lead counsel.  Both of these cases involve many of the same

7    defendants as the Flash Memory litigation before the Court, and Lieff Cabraser's experience in

8    related litigation will serve the Court and the putative class well.  (Saveri Decl., ¶¶ 5-6.)

9                Lieff Cabraser's experience is not limited to the investigation and filing of cases.

10   The firm has an unsurpassed record of prosecution of complex litigation, up to and including trial

11   on the merits.  *See, e.g., Claghorn v. Edsaco Ltd.*, C-98-3039-SI (securities fraud suit resulting in

12   a jury verdict of $170.7 million, later settled).[4]  Lieff Cabraser has successfully prosecuted

13   numerous other complex matters before the Court.  *Satchell v. FedEx Express*, C-03-2659-SI

14   ($54.9 million settlement of race discrimination class action lawsuit), *Gonzalez v. Abercrombie &*

15   *Fitch Stores, Inc*. C-03-2817-SI (settlement valued at approximately $50 million in employment

16   discrimination class action), *Hanlon v. Chrysler Corp.*, No. C-95-2010-CAL (N.D. Cal.) (over

17   $200 million settlement in product defect class action), *Butler v. Home Depot, Inc*., Case No. 94-

18   4335-SI ($87.5 million settlement and injunctive relief in employment discrimination class action

19   lawsuit), *Gross v. Mobil*, C-95-1237-SI (settlement valued at over $12.5 million in consumer

20   protection case).

21               The Courts in this District have repeatedly recognized Lieff Cabraser's work in a

22   number of class actions.  For example, Judge William H. Alsup observed, "[T]he class was well

23   served at a good price by excellent counsel . . . .We have class counsel who's one of the most

24   foremost law firms in the country in both securities law and class actions.  And they have a very

25   ─────────────────────

26   [4] Lieff Cabraser's recent trial experience can be found at http://www.lieffcabraser.com/trials.php.
     The most recent successful trial produced a $55 million verdict in a complex product liability
     wrongful death suit.  *Mraz v. DaimlerChrysler Corp.*, BC332487 (Cal. Sup. Ct. 2007).  The case

27   is now on appeal, after the firm successfully opposed a series of post-trial motions by the
     defendant.  (Saveri Decl., ¶ 7.)

28

1   excellent reputation for the conduct of these kinds of cases and their experience and views…" *In*

2   *re Network Associates, Inc. Securities Litigation*, No. C-99-1729-WHA (N.D. Cal.) (Lieff

3   Cabraser served as Lead Counsel).  (Saveri Decl., ¶ 12.)  In the *Edsaco* matter, Judge Illston

4   commented,  "Counsel for the plaintiffs did a very good job in a very tough situation of achieving

5   an excellent recovery for the class here."  (Saveri Decl., ¶ 8 .)  The Court acknowledged that

6   "[t]here were some complicated questions," and that based on the efforts of counsel "it was an

7   excellent result for the class . . . .  [T]he recovery that was achieved for the class in this second

8   trial is remarkable, almost a hundred percent."  *Id.*

9           Similarly, in *In re California Micro Devices Securities Litigation*, No. C-94-2817-

10  VRW (N.D. Cal.), Judge Walker found that Lieff Cabraser's and co-counsel's efforts resulting in

11  a near 100% recovery in a securities case was "pretty remarkable."  (Saveri Decl., ¶ 13.)  The

12  Court continued, "[i]n these cases, 25 cents on the dollar is considered to be a magnificent

13  recovery, and this is [almost] a hundred percent."  *Id*.  On January 14, 1998 the Court found that

14  Lieff Cabraser and co-counsel's settlement of the *Home Depot* case provided "a very significant

15  monetary payment to the class members for which I think they should be grateful to their

16  counsel . . . .  Even more significant is the injunctive relief that's provided for . . . ."  (Saveri

17  Decl., ¶ 7.)  Further, in 2002, the Court stated that the injunctive relief has been a

18  "win/win . . . for everyone, because . . . the way the Decree has been implemented has been very

19  successful and it is good for the company as well as the company's employees."  (Saveri Decl.,

20  ¶ 10.)  Finally, in *Frank v. United Airlines, Inc.*, No. C-92-0692 MJJ (N.D. Cal.), a gender

21  discrimination class action, Judge Jenkins commended Lieff Cabraser for being "very

22  sophisticated in handling matters of this type," as counsel for their "really good lawyering" and

23  stated that they did "a splendid job on this" case.  (Saveri Decl., ¶ 14.)  In short, this Court has

24  already recognized that Lieff Cabraser is committed to, and capable of, delivering the best

25  possible results for the Class.

26          As a result, sophisticated plaintiffs have retained Lieff Cabraser to handle

27  important litigation in a number of different types of cases, including antitrust.  For example, the

28  City and County of  San Francisco has retained Lieff Cabraser to represent it in price-fixing cases

1   brought against manufacturers of electrical carbon products.  *In re Electrical Carbon Products*

2   *Antitrust Litig.*, MDL No. 1514 (D.N.J.); *Electrical Carbon Products Cases*, J.C.C.P. 4294 (Cal.

3   Sup. Ct.).  Similarly, Lieff Cabraser has been retained to handle complex securities cases on

4   behalf of  a number of institutions.  *Alaska State Department of Revenue v. AOL/Time Warner*,

5   No. 1JU-04-503 (Alaska Sup. Ct.) (co-counsel with the Alaska Attorney General in a non-class

6   securities fraud action filed in state court which produced a $50 million settlement); *Merrill*

7   *Lynch Fundamental Growth Fund v. McKesson HBOC, Inc.,* No. 02-405792 (Cal. Sup. Ct.)

8   (counsel for two Merrill Lynch mutual funds in a private lawsuit resulting into a confidential

9   settlement, the terms of which were satisfactory to the Merrill Lynch Funds); *see generally*

10  http://www.lieffcabrasersecurities.com/track_record.htm.

11          Moreover, the individual attorneys participating in prosecuting this case have

12  extensive experience in prosecuting antitrust and other complex matters:

13          <u>Joseph Saveri</u>

14          Joseph Saveri has 20 years of experience in trial courts and before courts of appeal

15  in the areas of antitrust and intellectual property law, as well as complex and class action

16  litigation in the areas of securities, employment, consumer protection and general commercial

17  litigation.  Mr. Saveri has been hired by the City and County of San Francisco to prosecute claims

18  on behalf of a class of purchasers of electrical carbon products and on behalf of the People of the

19  State of California to pursue civil penalties in claims under the California Unfair Competition

20  Law.  He is currently working extensively on the *TFT-LCD* matter together with Person Simon.

21  Mr. Saveri currently serves as Lead Counsel in federal antitrust litigation pending in this district

22  against a number of banks comprising the Star ATM Network, alleging that those banks

23  conspired to fix the price of ATM interchange fees.  *In re ATM Fee Antitrust Litig.* (N.D. Cal.).

24  He also serves or has served as co-lead counsel in a number of other antitrust and other unfair

25  competition cases.  *Marchbanks Truck Service, Inc. v. Ceridian Corp.*, Civil Action No. 07-cv-

26  1128 (E.D. Pa.); *eMag Solutions, LLC, et al. v. Todo Kogyo Corp., et al.*, Case No. C-02-1611

27  (PJH) (N.D. Cal.) (pending)*; McIntosh, et al. v. Monsanto Co., et al.*, Case No. 4:01CV65(RWS)

28  (E.D. Mo.) (confidential settlement); *In re Lupron Marketing and Sales Practices Litig.*, MDL

No. 1430 (D. Mass.) ($150 million settlement); *Coalition for Elders' Independence, Inc., et al. v. Biovail Corp., et al., Case No. CV023320*, (San Joaquin County Sup. Ct.) (pending); *Pharmaceutical Cases I, II, and III* ($170 million settlement), as well as numerous other class actions pending in state courts throughout the United States. He has served in leadership roles in numerous other antitrust class actions and other complex cases as well.

Mr. Saveri has amassed substantial jury trial experience in antitrust cases, including serving as a member of the trial team in lawsuits involving the price-fixing of brand name prescription drugs, carpets and commissions paid to travel agents. Mr. Saveri is one of the authors of *California Antitrust Law* published by the State Bar of California Antitrust and Unfair Competition Section and a contributor to the California Class Action treatise. He is also a frequent lecturer, author and panelist on antitrust and complex litigation matters.

Michele C. Jackson

For over twenty-five years, Michele Jackson has focused her practice on complex business litigation, including antitrust, intellectual property, unfair competition, business torts, and fraud litigation. She has litigated cases in industries ranging from computer software, brand name prescription drugs, packaged and frozen food, food preparation equipment, shipping, motion pictures, educational publishing and games, food additives, chemicals, motor vehicles, cosmetics, electronic equipment, office products to financial printing. Moreover, she has successfully handled a variety of complex issues, including price fixing, monopolization, distribution and supply disputes, challenges to mergers and other company control issues, misappropriation of intellectual property, trade secrets, employment of competitors' personnel, and trademark infringement.

Ms. Jackson played a leading role in the antitrust litigation against Microsoft Corporation in multiple states and was an architect of the 2006 nationwide (federal court and state court) settlements of indirect purchaser antitrust litigation against 3M Company. Ms. Jackson has published articles and has spoken on antitrust issues at numerous education programs and seminars for antitrust practitioners. She has been honored as a recipient of the California State Bar Board of Governors Award.

1
      Robert J. Nelson

2
      Robert J. Nelson has been practicing law in California for two decades, and has

3
been a partner at Lieff Cabraser for the last 13 years.  Among his litigation successes, Mr. Nelson

4
managed the firm's litigation against the tobacco industry on behalf of Attorneys General,

5
resulting in a settlement of $246 billion, far and away the largest settlement in litigation history.

6
Mr. Nelson has served as lead class counsel or participated in a number of consumer protection

7
cases, including False Claims Act lawsuits and many others involving defective products.

8
Mr. Nelson also served in 2007 as lead trial counsel in a complex product liability action against

9
DaimlerChrysler that resulted in a jury verdict of over $55 million.  *Mraz v. DaimlerChrysler*

10
*Corp.*, BC332487 (Cal. Sup. Ct. 2007).  Mr. Nelson is a frequent lecturer at litigation conferences

11
sponsored by Mealey's and other CLE providers.  He has been named a Northern California

12
"Super Lawyer" by Law and Politics magazine during each of the four years (2004-2007) that

13
survey has been performed.

14
      Eric B. Fastiff

15
      Eric Fastiff has over 10 years of experience representing plaintiffs in numerous

16
antitrust cases including *In re Vitamins Antitrust Litig.*, *In re Carpets Antitrust Litig.*, *In re*

17
*Compact Disc Antitrust Litig.* and the *Natural Gas Antitrust Cases.*  Mr. Fastiff has represented

18
individuals, consumer groups, business entities, and government entities.  He serves at the

19
primary Editor of *California Class Actions Practice and Procedure* and has spoken at education

20
programs about complex discovery practices.

21
      Nimish R. Desai

22
      Nimish Desai is an Associate at Lieff Cabraser and practices in the antitrust,

23
consumer protection and mass tort groups.  Mr. Desai has been heavily involved in MDL practice

24
and procedure before the Court through his participation in *TFT-LCD*, *SRAM* and *In re Bextra*

25
*and Celebrex Products Liability Litig.*, MDL No. 1699 (N.D. Cal.).

26

27

28

PLTF THAL'S NOTICE OF CROSS MTN. AND CROSS MTN. FOR. APPOINT. OF INTERIM CLASS COUNSEL; MPA ISO

3.    **Lieff Cabraser has the Finances and Staffing Needed to Serve as Class Counsel.**

A class is fairly and adequately represented where counsel are qualified, experienced, and generally able to conduct the litigation on its behalf.  *See, e.g., In re Agent Orange Product Liab. Litig.*, 996 F.2d 1425, 1435 (2d Cir. 1993); *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 512 (S.D.N.Y. 1996) (class counsel satisfy adequacy requirement where they are able to prosecute the action vigorously).  As a truly national law firm, with over 60 lawyers in its offices in San Francisco, New York and Nashville, Lieff Cabraser is well-situated to prosecute a nationwide case such as this one.  In addition to its lawyer professionals, who have developed a national reputation for top quality work, the firm also maintains a staff of over 100 paralegals, investigators, litigation support staff and others.

Alone among the firms that seek to serve as Interim Lead Counsel, the firm has the financial resources necessary to represent the class by itself, or together with any other counsel the Court may appoint.  Saveri Decl., ¶ 22.  Moreover, Lieff Cabraser is ready, willing and able to commit the resources necessary to litigate this case vigorously to its conclusion.  Lieff Cabraser has already committed the full resources of the firm, including the time and efforts of three of its senior attorneys, to perform legal research and fact investigation in this case, and will continue to do so.  Lieff Cabraser is uniquely suited to bear the obligations and responsibilities on behalf of the Plaintiffs in this case.  Accordingly, Lieff Cabraser easily satisfies the adequacy requirement of Rule 23(g).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

PLTF THAL'S NOTICE OF CROSS MTN. AND CROSS MTN. FOR. APPOINT. OF INTERIM CLASS COUNSEL; MPA ISO

1

### III.    CONCLUSION

2

For the reasons set forth above, Plaintiff Thal respectfully requests that the Court

3

appoint Lieff Cabraser to serve as Interim Lead Counsel or, in the alternative, Interim Co-Lead

4

Counsel on behalf of direct purchaser plaintiffs.

5

6

Respectfully submitted,

7

Dated: September 25, 2007          LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

8

By:    /s/ *Joseph R. Saveri*
       Joseph R. Saveri

9

Joseph R. Saveri (State Bar No. 130064)

10

*jsaveri@lchb.com*
Michele C. Jackson (State Bar No. 090807)

11

*mjackson@lchb.com*
Robert J. Nelson (State Bar No. 132797)

12

*rnelson@lchb.com*
Eric B. Fastiff (State Bar No. 182260)

13

*efastiff@lchb.com*
Nimish R. Desai (State Bar No. 244953)

14

ndesai@lchb.com
275 Battery Street, 30th Floor

15

San Francisco, CA  94111-3339
Telephone:  (415) 956-1000

16

Facsimile:   (415) 956-1008

17

*Attorneys for Plaintiff Richard Thal and the Proposed Class*

18

19

20

21

22

23

24

25

26

27

28

PLTF THAL'S NOTICE OF CROSS MTN. AND CROSS MTN. FOR. APPOINT. OF INTERIM CLASS COUNSEL; MPA ISO