1  Joseph R. Saveri (State Bar No. 130064)
   *jsaveri@lchb.com*
2  Michele C. Jackson (State Bar No. 090807)
   *mjackson@lchb.com*
3  Robert J. Nelson (State Bar No. 132797)
   *rnelson@lchb.com*
4  Eric B. Fastiff (State Bar No. 182260)
   *efastiff@lchb.com*
5  Nimish R. Desai (State Bar No. 244953)
   *ndesai@lchb.com*
6  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 30th Floor
7  San Francisco, CA  94111-3339
   Telephone:  (415) 956-1000
8  Facsimile:   (415) 956-1008

9  *Attorneys for Plaintiff Richard Thal and the Proposed Class*

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                   OAKLAND DIVISION

13

14
   RICHARD THAL,                          Case No. C-07-4785-BZ
15
                  Plaintiff,              **DECLARATION OF JOSEPH R. SAVERI
16                                         IN SUPPORT OF PLAINTIFF RICHARD
                                           THAL'S NOTICE OF CROSS-MOTION
17  v.                                     AND CROSS-MOTION FOR
                                           APPOINTMENT OF LIEFF, CABRASER,
18  HITACHI AMERICA, LTD., *et al.*,       HEIMANN & BERNSTEIN, LLP AS
                                           INTERIM LEAD OR CO-LEAD
19                Defendants.              COUNSEL IN DIRECT PURCHASER
                                           CASES (RULE 23(g)(2)(A)); RESPONSE
20                                         TO MOTION FOR APPOINTMENT OF
                                           DIRECT PURCHASER PLAINTIFFS'
21                                         INTERIM CO-LEAD COUNSEL**

22                                         Date:          October 30, 2007
                                           Time:          1:00 p.m.
23                                         Courtroom:     3, Third Floor

24                                         The Honorable Bernard Zimmerman

25

26  I, Joseph R. Saveri, declare as follows:

27         1.       I am a partner of Lieff Cabraser, Heimann & Bernstein, LLP ("Lieff

28  Cabraser"), and a member in good standing of the State Bar of California.  I am one of the

1   counsel for Plaintiff Richard Thal in this action.  I make this declaration based on my own

2   personal knowledge.  If called upon to testify, I could and would testify competently to the truth

3   of the matters stated herein.

4          2.     I have 20 years of experience in trial courts and before courts of appeal in

5   the areas of antitrust and intellectual property law, as well as complex and class action litigation

6   in the areas of securities, employment, consumer protection and general commercial litigation.

7   I have been hired by the City and County of San Francisco to prosecute claims on behalf of a

8   class of purchasers of electrical carbon products and on behalf of the People of the State of

9   California to pursue civil penalties in claims under the California Unfair Competition Law.

10  Currently, I serve as lead counsel in federal antitrust litigation pending in this district against a

11  number of banks comprising the Star ATM Network, alleging that those banks conspired to fix

12  the price of ATM interchange fees.  *In re ATM Fee Antitrust Litigation* (N.D. Cal.).  I also serve

13  or have served as co-lead counsel in a number of other antitrust and other unfair competition

14  cases.  *Marchbanks Truck Service, Inc. v. Ceridian Corp*., Civil Action No. 07-cv-1128 (E.D.

15  Pa.); *eMag Solutions, LLC, et al. v. Todo Kogyo Corp., et al.*, Case No. C-02-1611 (PJH) (N.D.

16  Cal.) (pending)*; McIntosh, et al. v. Monsanto Co., et al.*, Case No. 4:01CV65(RWS) (E.D. Mo.)

17  (confidential settlement); *In re Lupron Marketing and Sales Practices Litig.*, MDL No. 1430 (D.

18  Mass.) ($150 million settlement); *Coalition for Elders' Independence, Inc., et al. v. Biovail Corp.,

19  et al., Case No. CV023320*, (San Joaquin County Sup. Ct.) (pending); *Pharmaceutical Cases I, II,

20  and III* ($170 million settlement), as well as numerous other class actions pending in state courts

21  throughout the United States.  I have served in leadership roles in numerous other cases as well.

22  I have substantial jury trial experience in antitrust cases, including serving as a member of the

23  trial team in lawsuits involving the price-fixing of brand name prescription drugs, carpets and

24  commissions paid to travel agents.  I am one of the authors of *California Antitrust Law* published

25  by the State Bar of California Antitrust and Unfair Competition Section and a contributor to the

26  California Class Action treatise.  I am also a frequent lecturer, author and panelist on antitrust and

27  complex litigation matters.

28

3.    Lieff Cabraser, headquartered in San Francisco, is one of the country's largest law firms devoted exclusively to representing plaintiffs, particularly in class actions and mass tort litigation. The firm has substantial and extensive experience in complex antitrust litigation, and has for over thirty years successfully represented plaintiffs in antitrust and other complex class action litigation throughout the country. Lieff Cabraser is one of only three law firms in the country to be included in "The Plaintiffs' Hot List," by the *National Law Journal* in each of the last four years. Despite its colloquial title, the factors informing the "Hot List" selection are carefully considered, focusing on "an impressive record of victories over the preceding five years." *A Different Sort of Trial for Plaintiffs,* The National Law Journal, Oct. 9, 2006. In previous years, *The National Law Journal* has recognized the successes of Lieff Cabraser's antitrust attorneys in the federal litigation *In re Buspirone Antitrust Litigation* and record-setting achievements in *Natural Gas Antitrust Cases* and *Wholesale Electricity Antitrust Cases I & II*.

4.    Attached hereto as Exhibit A is a true and correct copy of Lieff Cabraser's firm resume and attorney biographies. As described in the firm's resume, courts throughout the country have appointed Lieff Cabraser as class counsel in well over 200 class actions and have recognized the qualifications of Lieff Cabraser in appointing the firm lead counsel in numerous cases. Recently, in the area of antitrust, Lieff Cabraser was appointed to serve as Lead Counsel in *In re TFT-LCD Antitrust Litig.*, MDL No. 1827(SI) (N.D. Cal.) (pending); *In re ATM Fee Antitrust Litig.*, C-04-2676 (CRB) (N.D. Cal.) (pending); *Marchbanks Truck Service, Inc. v. Ceridian Corp.*, Civil Action No. 07-cv-1128 (E.D. Pa.) (pending); *Natural Gas Antitrust Cases I-IV*, J.C.C.P. No. 4221 (Cal. Supr. Ct.) (Co-Lead counsel in record $1.5 billion settlement on behalf of California natural gas businesses and consumers); *In re Buspirone Antitrust Litig.*, MDL No. 1340 (S.D.N.Y.) (Co-Lead counsel in $90 million settlement); *In re Compact Disc Antitrust Litig.*, MDL No. 1216 (C.D. Cal.) (Co-Lead counsel in $50 million settlement. As Lieff Cabraser's credentials demonstrate, its attorneys have led and participated in a significant number of antitrust cases and other complex litigation including matters taken successfully to trial. In addition, courts and bar associations throughout the country have acknowledged Lieff Cabraser

1    attorneys through leadership appointments, committee service, and awards of excellence.  This

2    unsurpassed record in California and throughout the country demonstrates Lieff Cabraser's

3    adequacy to represent class members and proves its ability to represent its clients effectively.

4         5.    Attached as Exhibit "B" is the Order by Judge Illston appointing Lieff

5    Cabraser one of two Interim Co-Lead counsel for the putative direct purchaser class in *In re TFT-*

6    *LCD Antitrust Litig.*, MDL No. 1827 (N.D. Cal.) ("*TFT-LCD*").  Together with Co-Lead Counsel

7    Pearson Simon, Lieff Cabraser has been able to organize the litigation effectively and efficiently.

8    Integral to this process has been the coordination of plaintiffs' counsel, taking best advantage of

9    their resources, experience and skills.  A number of the other firms in this case, including Saveri

10    & Saveri also serve as plaintiffs' counsel in *TFT-LCD*.  Together with Pearson Simon, Lieff

11    Cabraser has been able to organize the litigation effectively and efficiently.  Integral to this

12    process has been the coordination of plaintiffs' counsel, taking best advantage of their resources,

13    experience and skills.

14         6.    In *In re Static Random Access Memory Litig.*, MDL No. 1819 (N.D. Cal.)

15    ("*SRAM*"), Judge Wilken appointed Lieff Cabraser to a four firm steering committee to run the

16    case along with a lead counsel.  Both *SRAM* and *TFT-LCD* involve many of the same defendants

17    as the Flash Memory litigation before the Court.

18         7.    Lieff Cabraser's experience is not limited to the investigation and filing of

19    cases.  Lieff Cabraser has an unsurpassed record of prosecution of complex litigation, up to and

20    including trial on the merits.  *See, e.g., Claghorn v. Edsaco Ltd.*, C-98-3039-SI (securities fraud

21    suit resulting in a jury verdict of $170.7 million, later settled).  Lieff Cabraser has successfully

22    prosecuted numerous other complex matters before the Court.  *Satchell v. FedEx Express*,

23    C-03-2659-SI ($54.9 million settlement of race discrimination class action lawsuit), *Gonzalez v.*

24    *Abercrombie & Fitch Stores, Inc*. C-03-2817-SI (settlement valued at approximately $50 million

25    in employment discrimination class action), *Zuckman v. Allied Group*, C-02-5800-SI (over $8

26    million settlement of wage and hour class action), *Hanlon v. Chrysler Corp.*, No. C-95-2010-

27    CAL (N.D. Cal.) (over $200 million settlement in product defect class action), *Butler v. Home*

28    *Depot, Inc*., Case No. 94-4335-SI ($87.5 million settlement and injunctive relief in employment

1   discrimination class action lawsuit), *Gross v. Mobil*, C-95-1237-SI (settlement valued at over

2   $12.5 million in consumer protection case).  The most recent successful trial produced a $55

3   million verdict in a complex product liability wrongful death suit.  *Mraz v. DaimlerChrysler*

4   *Corp.*, BC332487 (Cal. Sup. Ct. 2007).  Upon information and belief, the case is now on appeal,

5   after the firm successfully opposed a series of post-trial motions by the defendant.

6            8.       On information and belief, at a June 14, 2002 hearing in the matter of

7   *Claghorn v. Edsaco Ltd.*, C-98-3039-SI (N.D. Cal.), this Court commented on Lieff Cabraser's

8   representation in the *Edsaco* matter,  "Counsel for the plaintiffs did a very good job in a very

9   tough situation of achieving an excellent recovery for the class here….There were some

10  complicated questions….It was an excellent result for the class . . . .  [T]he recovery that was

11  achieved for the class in this second trial is remarkable, almost a hundred percent."

12           9.       On information and belief, at a January 14, 1998 hearing in the matter of

13  *Butler v. Home Depot, Inc*., Case No. 94-4335-SI (N.D. Cal.), this Court stated that Lieff

14  Cabraser and co-counsel's settlement of the *Home Depot* case provided "a very significant

15  monetary payment to the class members for which I think they should be grateful to their

16  counsel . . . .  Even more significant is the injunctive relief that's provided for . . . ."

17           10.      On information and belief, at hearing in the matter of *Butler v. Home*

18  *Depot, Inc*., Case No. 94-4335-SI (N.D. Cal.), this Court stated that the injunctive relief obtained

19  has been a "win/win . . . for everyone, because . . . the way the Decree has been implemented has

20  been very successful and it is good for the company as well as the company's employees."

21           11.      On information and belief, at a hearing in the matter of *Zuckman v. Allied*

22  *Group*, C-02-5800-SI (N.D. Cal.), this Court commended counsel for their "really good

23  lawyering" and stated that they did "a splendid job on this" case.

24           12.      Following a competitive bidding process, the Court appointed Lieff

25  Cabraser as Lead Counsel for the Lead Plaintiff and the class of investors in *In re Network*

26  *Associates, Inc. Securities Litigation*, No. C-99-1729-WHA (N.D. Cal.).  On information and

27  belief, in reviewing the proposed settlement, Judge William H. Alsup observed, "[T]he class was

28  well served at a good price by excellent counsel . . . We have class counsel who's one of the most

1    foremost law firms in the country in both securities law and class actions.  And they have a very

2    excellent reputation for the conduct of these kinds of cases and their experience and views . . ."

3           13.    Lieff Cabraser served as Liaison Counsel for the Colorado Public

4    Employees' Retirement Association and the California State Teachers' Retirement System, and

5    the class they represented in *In re California Micro Devices Securities Litigation*, No. C-94-2817-

6    VRW (N.D. Cal.).  On information and belief, the Court approved settlements which provided

7    class members an almost complete return on their losses.  Commenting in 2001 on Lieff

8    Cabraser's work in *Cal Micro Devices*, U.S. District Court Judge Vaughn R. Walker stated, "It is

9    highly unusual for a class action in the securities area to recover anywhere close to the percentage

10   of loss that has been recovered here, and counsel and the lead plaintiffs have done an admirable

11   job in bringing about this most satisfactory conclusion of the litigation."  Judge Walker later

12   observed that the nearly 100% recovery was "pretty remarkable. In these cases, 25 cents on the

13   dollar is considered to be a magnificent recovery, and this is [almost] a hundred percent."

14          14.    In *Frank v. United Airlines, Inc.*, No. C-92-0692 MJJ (N.D. Cal.). Lieff

15   Cabraser and co-counsel obtained a $36.5 million settlement in February 2004 in a gender

16   discrimination case brought on behalf of female flight attendants.  Former U.S. District Court

17   Judge Charles B. Renfrew (ret.), who served as a mediator in the case, stated, "As a participant in

18   the settlement negotiations, I am familiar with and know the reputation, experience and skills of

19   lawyers involved. They are dedicated, hardworking and able counsel who have represented their

20   clients very effectively."  U.S. District Judge Martin J. Jenkins, in granting final approval to the

21   settlement, found "that the results achieved here could be nothing less than described as

22   exceptional," and that the settlement "was obtained through the efforts of outstanding counsel."

23   Judge Jenkins observed that lawyers at Lieff Cabraser "in particular, are very sophisticated in

24   handling matters of this type."

25          15.    The City and County of  San Francisco has retained Lieff Cabraser to

26   represent it in price-fixing cases brought against manufacturers of electrical carbon products in *In

27   re Electrical Carbon Products Antitrust Litig.*, MDL No. 1514 (D.N.J.) and *Electrical Carbon

28   Products Cases*, J.C.C.P. 4294 (Cal. Sup. Ct.).  Similarly, Lieff Cabraser has been retained to

1   handle complex securities cases on behalf of a number of institutions, such as in the matters of

2   *Alaska State Department of Revenue v. AOL/Time Warner*, No. 1JU-04-503 (Alaska Sup. Ct.)

3   (co-counsel with the Alaska Attorney General in a non-class securities fraud action filed in state

4   court which produced a $50 million settlement), *Merrill Lynch Fundamental Growth Fund v.*

5   *McKesson HBOC, Inc.,* No. 02-405792 (Cal. Sup. Ct.) (counsel for two Merrill Lynch mutual

6   funds in a private lawsuit resulting into a confidential settlement, the terms of which were

7   satisfactory to the Merrill Lynch Funds).

8           16.     The statements in this paragraph are made on information and belief.  For

9   over twenty-five years, Michele Jackson has focused her practice on complex business litigation,

10  including antitrust, intellectual property, unfair competition, business torts, and fraud litigation.

11  She has litigated cases in industries ranging from computer software, brand name prescription

12  drugs, packaged and frozen food, food preparation equipment, shipping, motion pictures,

13  educational publishing and games, food additives, chemicals, motor vehicles, cosmetics,

14  electronic equipment, office products to financial printing.  Ms. Jackson has successfully handled

15  a range of complex issues in these cases, including price fixing, monopolization, distribution and

16  supply disputes, challenges to mergers and other company control issues, misappropriation of

17  intellectual property, trade secrets, employment of competitors' personnel, and trademark

18  infringement.  Ms. Jackson played a leading role in the antitrust litigation against Microsoft

19  Corporation in multiple states and was an architect of the 2006 nationwide (federal court and state

20  court) settlements of indirect purchaser antitrust litigation against 3M Company.  She is currently

21  overseeing the firm's participation in *In re Static Random Access Memory Antitrust Litig.*, MDL

22  No. 1819, a case involving many of the same defendants and issues as the instant matter.

23  Ms. Jackson has published articles and has spoken on antitrust issues at numerous education

24  programs and seminars for antitrust practitioners.  She has been honored as a recipient of the

25  California State Bar Board of Governors Award.

26          17.     The statements in this paragraph are made on information and belief.

27  Robert J. Nelson has been practicing law in California for two decades, and has been a partner at

28  Lieff Cabraser for the last 13 years.  Among his litigation successes, Mr. Nelson managed the

1   firm's litigation against the tobacco industry on behalf of Attorneys General, resulting in a

2   settlement of $246 billion, far and away the largest settlement in litigation history.  Mr. Nelson

3   has served as lead class counsel or participated in a number of consumer protection cases,

4   including False Claims Act lawsuits and many others involving defective products.  Mr. Nelson

5   also served in 2007 as lead trial counsel in a complex product liability action against

6   DaimlerChrysler that resulted in a jury verdict of over $55 million.  *Mraz v. DaimlerChrysler*

7   *Corp.*, BC332487 (Cal. Sup. Ct. 2007).  Mr. Nelson is a frequent lecturer at litigation conferences

8   sponsored by Mealey's and other CLE providers.  He has been named a Northern California

9   "Super Lawyer" by Law and Politics magazine during each of the four years (2004-2007) that

10  survey has been performed.

11          18.     The statements in this paragraph are made on information and belief.  Eric

12  Fastiff is a partner at Lieff Cabraser.  Mr. Fastiff has over 10 years of experience in representing

13  plaintiffs in numerous antitrust cases including *In re Vitamins Antitrust Litig.*, *In re Carpets*

14  *Antitrust Litig.*, *In re Compact Disc Antitrust Litig.* and the *Natural Gas Antitrust Cases.*  Mr.

15  Fastiff has represented individuals, consumer groups, business entities, and government entities.

16  He serves at the primary Editor of *California Class Actions Practice and Procedure* and has

17  spoken at education programs about complex discovery practices.

18          19.     The statements in this paragraph are made on information and belief.

19  Nimish Desai is an Associate at Lieff Cabraser and practices in the antitrust, consumer protection

20  and mass tort groups.  Mr. Desai has been heavily involved in MDL practice and procedure

21  before the Court through his participation in *In re TFT-LCD Antitrust Litig.*, MDL No. 1827, *In*

22  *re Static Random Access Memory Antitrust Litig.*, MDL No. 1819 and *In re Bextra and Celebrex*

23  *Products Liability Litig.*, MDL No. 1699 (N.D. Cal.).

24          20.     On behalf of its client, Mr. Thal, Lieff Cabraser has thoroughly

25  investigated the facts alleged in its client's complaint.  This investigation has included analysis of

26  the flash memory market, the market participants, pricing, likely defendants and potential

27  consultants and experts.  Lieff Cabraser has also investigated the flash memory products and the

28  chain of distribution.

DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF PLAINTIFF RICHARD THAL'S NOTICE OF CROSS-MOTION

21.     In the interests of advancing this litigation, Lieff Cabraser has commenced service of process on foreign defendants located in Japan, South Korea and Taiwan.  That process includes translating the complaint, summons and all other documents to be served on the defendants and applying for issuance of letters rogatory.  This includes translation of all documents to be served into the foreign defendants' respective languages.  By starting this lengthy process now, the firm hopes to save the Court and the Class from various administrative problems that may arise when a significant number of the defendants have not been served.  Lieff Cabraser will be prepared to report on the progress of these efforts at the October hearing, if the Court so wishes.

22.     Lieff Cabraser is ready, willing, and able to commit the resources necessary to litigate this case vigorously.  Lieff Cabraser has already committed the time and efforts of three of its experienced attorneys and two research paralegals to the legal research and fact investigation of this case, and will continue to do so.  Lieff Cabraser has the financial resources necessary to represent the class.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 25th day of September, 2007 at San Francisco, California.

_____
        */s/ Joseph R. Saveri*
             Joseph R. Saveri