Joseph R. Saveri (State Bar No. 130064)
jsaveri@lchb.com
Michele C. Jackson (State Bar No. 090807)
mjackson@lchb.com
Robert J. Nelson (State Bar No. 132797)
rnelson@lchb.com
Eric B. Fastiff (State Bar No. 182260)
efastiff@lchb.com
Nimish R. Desai (State Bar No. 244953)
ndesai@lchb.com
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008

*Attorneys for Plaintiff Richard Thal and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RICHARD THAL,<br><br>             Plaintiff,<br><br>v.<br><br>HITACHI AMERICA, LTD., *et al.*,<br><br>             Defendants. | Case No. C-07-4785-BZ<br><br>**[PROPOSED] ORDER APPOINTING LIEFF CABRASER HEIMANN & BERNSTEIN, LLP INTERIM LEAD COUNSEL OR, IN THE ALTERNATIVE, APPOINTING LIEFF CABRASER HEIMANN & BERNSTEIN, LLP CO-LEAD COUNSEL IN DIRECT PURCHASER CASES**<br><br>Date:         October 30, 2007<br>Time:        1:00 p.m.<br>Courtroom: 3, Third Floor<br><br>The Honorable Bernard Zimmerman |

The motions of Pearson, Simon, Soter, Warshaw & Penny, LLP ("Pearson Simon"), Saveri & Saveri, Inc., and the cross-motion of Lieff, Cabraser, Heimann & Bernstein, LLP ("Lieff Cabraser") for appointment of Interim Lead Counsel were heard on October 30, 2007 at 1:00 p.m. before Hon. Saundra Armstrong.  The Court, having considered the papers and arguments of counsel, hereby makes the following order:

1.  The Court finds that appointing the following firm[s] as Interim [Co-]Lead Counsel is in the best interests of the direct purchaser class.

2.  Pursuant to Fed. R. Civ. P. 23(g)(2) the following firm[s] [is/are] appointed as Interim [Co-]Lead Class Counsel for the direct purchaser plaintiffs class:

    a.  Lieff Cabraser Heimann & Bernstein, LLP; and

    b.  [if necessary] _____.

The Court finds that Lieff Cabraser has demonstrated substantial effort in identifying and investigating potential claims in this action, is experienced in litigating complex antitrust class actions, has extensive knowledge of the applicable law, and has the appropriate resources to properly represent the class.

3.  Interim [Co-]Lead Counsel shall be responsible for the following matters:

    a.  Determine and present (either personally or by designee) in motions, briefs, oral argument or such other fashion as may be appropriate, the position of all Direct Purchaser Plaintiffs as to all matters arising during all pretrial and trial proceedings;

    b.  Sign any consolidated complaint, motions, briefs, discovery requests or objections, subpoenas or notices on behalf of all Direct Purchaser Plaintiffs or those plaintiffs filing the particular papers.

    c.  Designate attorneys to act as spokespersons at pretrial conferences;

    d.  Conduct all pretrial proceedings on behalf of Direct Purchaser Plaintiffs.

    e.  Conduct or coordinate discovery on behalf of the Direct Purchaser Plaintiffs consistent with the Federal Rules of Civil Procedure, including the preparation of joint interrogatories, requests for production of documents, requests for admissions and examination of witnesses in depositions.

    f.  Negotiate and enter stipulations with defense counsel with respect to all matters in this litigation, including discovery and settlement matters.

    g.  Employ and consult with experts.

     h. Conduct settlement negotiations on behalf of Direct Purchaser Plaintiffs, and Request approval of settlements and fee awards.

     i. Prepare and distribute periodic status reports to the parties.

     j. Monitor the activities of co-counsel and implement procedures to ensure that schedules are met and unnecessary expenditures of time and funds by counsel are avoided.

     k. Collect time, lodestar and expense reports from each Direct Purchaser Plaintiffs' Counsel.

     l. Delegate tasks to counsel for plaintiffs in the Direct Purchaser Actions and otherwise coordinate the work of all Direct Purchaser Plaintiffs' Counsel, and perform such duties as necessary or as authorized by further order of the Court.

## **BACKGROUND**

  This case arises out alleged price-fixing by American and Asian manufacturers of flash memory in violation of various state and federal antitrust and unfair competition statutes. Flash memory is non-volatile computer memory that can be electronically erased and reprogrammed. It is a technology that is used primarily in memory cards, but is also found, among other things, in digital audio players, digital cameras, mobile phones and video game consoles.

  Pending in this Court are five actions brought on behalf of direct purchasers of flash memory products.[1] Co-counsel for Plaintiffs A Computer Place and Timothy Chanda, Saveri & Saveri, Inc. and Pearson Simon, and counsel for Plaintiff Thal, Lieff Cabraser, have submitted motions to be appointed Interim Lead or Co-Lead Counsel pursuant to Fed. R. Civ. P. 23(g). Having considered all the arguments, and for the reasons stated below, the Court appoints

---

[1] The direct purchaser actions are *A Computer Place v. Samsung Electronics Co., Ltd., et al.*, Case No. 07-1020-SBA; *Brian Levy v. Samsung Electronics Co., Ltd., et al.*, Case No. C-07-4252-BZ; *Kevin's Computer & Photo v. Samsung Electronics Co., Ltd., et al.*, Case No. C-07-1665-SBA; *Laura Young v. Samsung Electronics Co., Ltd., et al.*, Case No. C-07-2286-SBA; and *Thal v. Hitachi America Ltd., et al.*, Case No. 07-4785 (BZ) (the motion to relate is pending before this Court).

Joseph Saveri of Lieff Cabraser Heimann & Bernstein, LLP [and _____ of _____] as Interim [Co-]Lead Counsel for the Direct Purchaser Plaintiffs.

## LEGAL STANDARD

"[T]he court may designate interim class counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed.R.Civ.P. 23(g)(2)(A). Courts interpreting Rule 23(g) have relied primarily on the Advisory Committee notes, and have found that "the primary responsibility of class counsel, resulting from appointment as such, is to represent the best interests of the class." *Coleman v. General Motors Acceptance Corp.*, 220 F.R.D. 64, 100 (M.D. Tenn. 2004); *see also In re Air Cargo Shipping Services Antitrust Litig.*, MDL No. 1775 (E.D.N.Y. Nov. 15, 2006); *In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 373 (M.D.N.C. 2003); Fed.R.Civ.P. 23(g)(1)(B) ("An attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class.").

In appointing class counsel, Rule 23(g) requires that the court:

(i) must consider:

- the work counsel has done in identifying or investigating potential claims in the action,
- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,
- counsel's knowledge of the applicable law, and
- the resources counsel will commit to representing the class;

(ii) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class . . . .

Fed.R.Civ.P. 23(g)(1)(C). "In evaluating prospective class counsel, the Court should weigh all pertinent factors. No single factor should necessarily be determinative in a given case." Rule 23(g)(1)(C) Advisory Committee Notes (2003). Moreover, a court may appoint several firms to act as co-lead counsel. *See, e.g., In re Air Cargo Shipping*, 240 F.R.D. 56, 58-59 (E.D.N.Y. 2006) (appointing four law firms as co-lead counsel), *Nowak v. Ford Motor Co.*, 240 F.R.D. 355 (E.D. Mich. 2006).

## ANALYSIS

The Court finds that of the various applicants, Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser") is the best choice for Interim [Co-]Lead Counsel. The Court finds that Lieff Cabraser has demonstrated substantial effort in identifying and investigating potential claims in this action. The firm has vast experience in handling class actions and other complex litigation. Lieff Cabraser has been appointed class counsel in over two-hundred cases, and is currently serving in leadership roles in complex class actions, including multidistrict litigation, throughout this country, including in this District. Its track record is excellent, and the firm has achieved exemplary results in a great many cases. *See, e.g., Claghorn v. Edsaco Ltd.*, C-98-3039-SI (securities fraud suit resulting in a jury verdict of $170.7 million, later settled); *Hanlon v. Chrysler Corp.*, No. C-95-2010-CAL (N.D. Cal.) (over $200 million settlement in product defect class action), *Butler v. Home Depot, Inc.*, Case No. 94-4335-SI ($87.5 million settlement and injunctive relief in employment discrimination class action lawsuit).

Lieff Cabraser's leadership of antitrust cases is equally impressive. *See Natural Gas Antitrust Cases I-IV*, J.C.C.P. No. 4221 (Cal. Sup. Ct.) (Co-Lead counsel in record $1.5 billion settlement on behalf of California natural gas businesses and consumers); *In re Buspirone Antitrust Litig.*, MDL No. 1340 (S.D.N.Y.) (Co-Lead counsel in $90 million settlement); *In re Compact Disc Antitrust Litig.*, MDL No. 1216 (C.D. Cal.) (Co-Lead counsel in $50 million settlement). There is little doubt that the firm has top-notch expertise in anitrust law and in class action and MDL procedure. In addition to the commendable results outlined above, the firm's attorneys regularly serve in leadership positions in major, nationwide antitrust litigation, and are frequent lecturers and authors on the subjects of antitrust law and class action procedure.

Finally, the Court is keenly interested that Interim Lead counsel be capable of managing such a large case. The Court finds that Lieff Cabraser is uniquely capable of committing the resources necessary to manage and faithfully prosecute an action of this scope. The firm is one of the oldest and largest dedicated exclusively to plaintiffs-side class action and complex litigation. It employs over 60 attorneys and over a hundred more in staff located at three

offices throughout the country. The Class will be well-served by Interim Lead Counsel that is able to commit the necessary financial and human resources to this case, which allegedly spans a decade and over two continents.

## **CONCLUSION**

For the reasons outlined above, the Court hereby appoints Lieff Cabraser Heimann & Bernstein, LLP Interim [Co-]Lead Counsel for the Direct Purchaser Plaintiffs. Interim [Co-]Lead Counsel [is/are] directed to manage the litigation in accordance with instructions set forth at the outset of this Order.

IT IS SO ORDERED.

_____    _____
Date                                                  Hon. Saundra B. Armstrong
                                                           United States District Judge